Mr. Justice FIELD,
 

 after stating the case, delivered the opinion of the court, as follows:
 

 By the demurrer to the replication two questions are presented for our determination:
 
 First;
 
 whether the condition against the maintenance of any action to recover a claim upon the policy, unless commenced within twelve months after the loss, is valid; and
 
 Second;
 
 whether if valid,, the condition was complied with in the present case under the statute of limitations of Missouri.
 

 The objection to the condition is founded upon the notion that the limitation it prescribes contravenes the pplicy of the
 
 *390
 
 statute of limitations. This notion arises from,a misconception of the nature ánd object of statutes of this character. They do not confer any right of action. They are enacted to restrict the period within which the right, otherwise unlimited, might be asserted, They are founded upon the general experience of mankind that claims, which are valid, are not usually allowed to remain neglected. The lapse of years without any attempt to enforce a demand creates, therefore, a presumption against its original validity, or that it has ceased to subsist. This presumption is made by these statutes a positive bar; and they thus become statutes of repose, protecting parties from the prosecution of stale claims, when, by loss of evidence from death of some witnesses, and the imperfect recollection of others, or the destruction of documents, it might be impossible to establish the truth. The policy of these statutes is to encourage promptitude in the'prosecution of remedies. They prescribe what is supposed to be a reasonable period for this purpose, but there is nothing in their language or object which inhibits parties1 from stipulating for a shorter period within which to assert their respective claims. It is clearly for the interest of insurance companies that the extent of kisses sustained by them should be speedily ascertained, and it is equally for the interest of the assured that the loss should be speedily adjusted and paid. The conditions in policies requiring notice of the loss to be given, and proofs of the'amount to be furnished the insurers within certain prescribed periods, must be strictly complied with to enable the assured to recover. And it is not perceived that the condition under consideration stands upon any different footing. The contract of insurance is a voluntary one, and the insurers have a right to designate the terms upon which they will be responsible for losses. And it is not an unreasonable term that in case of a controversy upon a loss resort'shall be had by the assured to the proper, tribunal, whilst the transaction is recent, and tlie proofs respecting it are accessible.
 

 A stipulation in a policy to refer all disputes to arbitration stands upon a different footing. That is held invalid.
 
 *391
 
 because it is an attempt to oust the courts of jurisdiction by excluding the assured from all resort to them for his remedy. That is a very different matter from prescribing a period within which such resort shall be had. The- condition in the policy in this case does not interfere with the authority of the courts; it simply exacts promptitude on the part of the assured in the prosecution of his legal remedies, in case a loss is sustained respecting which a controversy arises between the parties.
 

 The statute of Missouri, which allows a party who “ suffers a nonsuit” in an action to bring a new action for the same cause within one year afterwards, does not affect the rights of,the parties in this case. In the first place, the statute only, applies to eases of involuntary nonsuit, not to cases where the plaintiff of his own motion dismisses the action. It was only intended to cover cases of accidental miscarriage, as from defect in the proofs, or in the parties or pleadings, and like particulars. In the second place, the rights of the parties flow from the contract. That relieves them from the general limitations of the statute, and, as a consequence, from' its ■ exceptions also.
 

 The action mentioned, which must be commenced within the- twelve months, is the one which is prosecuted to judgment. The failure of a previous action from any cause ■ cannot alter the case. The contract declares that an action shall not be sustained, unless
 
 such
 
 action, not some previous action, shall be commenced within the period designated. It makes no provision for any exception in the event of the failure of an action commenced, and the court cannot insert one without changing the contract.
 

 The questions presented in this case, though new to this court, are not new to the country. The validity of the limitation stipulated in conditions similar to the one in the case at bar, has been elaborately considered in the highest courts of several of the States,
 
 *
 
 and has been sustained in all of
 
 *392
 
 them, except in the Supreme Court of Indiana,
 
 *
 
 which followed an adverse decision of Mr. Justice McLean in the Circuit Court for the district of that State.
 
 †
 
 Its validity has also been sustained by Mr. Justice Nelson in the Circuit Court for the District of Connecticut.
 
 ‡
 

 We have no doubt of its validity. The commencement, therefore, of the present action within the period designated was a condition essential to the plaintiff’s recovery; and this condition was not affected by the fact that the action, which was dismissed, had been commenced within that period.
 

 Judgment aeeirmed.
 

 *
 

 Peoria Insurance Company
 
 v.
 
 Whitehill, 25 Illinois, 466 ; Williams
 
 v.
 
 Mutual Insurance Company, 20 Vermont, 222; Wilson
 
 v.
 
 Ætna Insurance Company, 27 Id. 99; N. W. Insurance Company
 
 v.
 
 Phœnix Oil Co., 31
 
 *392
 
 Pennsylvania State, 449; Brown and Wife
 
 v.
 
 Savannah Insurance Company, 24 Georgia, 101; Portage Insurance Company v. West, 6 Ohio State, 602; Amesbury
 
 v.
 
 Bowditch Insurance Company, 6 Gray, 603; Fullam
 
 v.
 
 New York Insurance Company, 7 Gray, 61; Carter
 
 v.
 
 Humboldt, 12 Iowa, 287; Stout
 
 v.
 
 City Insurance Company, Id. 371; Ripley
 
 v.
 
 Ætna Insurance Company, 29 Barbour, 552; Gooden
 
 v.
 
 Amoskeag Company, 20 New Hampshire, 73; Brown
 
 v.
 
 Roger Williams Company, 5 Rhode Island, 394; Brown v. Roger Williams Company, 7 Id. 301; Ames
 
 v.
 
 New York Insurance Company, 4 Kernan, 253.
 

 *
 

 The Eagle Insurance Company
 
 v.
 
 Lafayette Insurance Company, 9 Indiana, 443.
 

 †
 

 French v. Lafayette Insurance Company, 5 McLean, 461.
 

 ‡
 

 Cray
 
 v.
 
 Hartford Insurance Company, 1 Blatchford, 280.