## KETTENRING v. NORTHWESTERN MASONIC AID ASS'N.

(Circuit Court, N. D. Illinois, N. D. July 19, 1899.)

### No. 23,824.

INSURANCE—CONSTRUCTION OF POLICY—TIME WITHIN WHICH ACTION MUST BE BROUGHT.

A provision of a life insurance policy that no suit shall be maintainable thereon "unless the same shall be commenced within twelve months after the death of said insured," is unambiguous, and the limitation will be enforced in accordance with the plain meaning of its terms where the declaration counts on the contract alone, and alleges no extrinsic facts excusing delay in bringing suit.[1]

This is an action on a policy of life insurance. Heard on demurrer to a plea of limitation contained in the policy.

Bulkley, Gray & More, for plaintiff.
Walker & Payne, for defendant.

KOHLSAAT, District Judge. This is a suit at law upon a policy of insurance which contains the following clause: "No suit at law or in equity shall be maintainable against said association upon or growing out of this contract, unless the same shall be commenced within twelve months after the death of said insured." This suit was commenced 12 months and 15 days after the death of the insured. Defendant pleads the limitation of 12 months, and plaintiff demurs to the plea. This decision is upon said demurrer. Under another clause of the policy the amount to be paid to the beneficiary is payable within 90 days after the receipt by the company of satisfactory proofs of the death of insured. Plaintiff contends that the two clauses are conflicting; that the limiting of the right of action to 12 months must be construed as meaning a full period of 12 months during any portion of which plaintiff could sue, and that such limitation period should only commence to run at the expiration of the said 90-day period. The case of Riddlesbarger v. Insurance Co., 7 Wall. 386, is the leading case in the federal courts sustaining the validity of a clause in an insurance policy limiting a right of action thereon to a period less than that provided by the general statute of limitation. Without discussing the question of whether or not such decision was faulty as against public policy, I hold that, in view of it,

---

[1] For conditions as to time of bringing action, see note to Steel v. Insurance Co., 2 C. C. A. 473, and, supplementary thereto, note to Rogers v. Insurance Co., 35 C. C. A. 404.

the plain meaning of the clause in question should be given effect by the court, and that unless some equitable circumstances are disclosed which would take the particular case out of the rule, or unless the insurance company is estopped by its own actions from relying upon such limitation clause, the clause must be enforced literally and strictly. The decisions are hopelessly antagonistic on this point. The courts of a large majority of the states—including Illinois—have given a literal construction to the limitation clause, and enforced it as it reads. A few of the state courts have attempted to distinguish between the meaning of "after the loss," and "after time of death," or "after date of fire," but I am not able to recognize that the terms are not practically synonymous. The matter has not been passed upon by the United States supreme court. In the case of Steel v. Insurance Co., 51 Fed. 715, 2 C. C. A. 463, the circuit court of appeals of the Ninth circuit, by a divided court, held in accordance with plaintiff's contention herein; but Justice McKenna dissented to such holding in a strong opinion, with the reasoning of which I concur. The decision in that case was affirmed by the supreme court in 154 U. S. 518, 14 Sup. Ct. 1153, but no opinion was handed down; and in view of the fact that on a previous appeal of the same case, reported as Thompson v. Insurance Co., 136 U. S. 287, 10 Sup. Ct. 1019, the supreme court had held that the company was estopped, by its actions in the premises, to rely upon this limitation, and refused to pass upon the construction to be given to the limitation clause, the affirmance could be accounted for on the ground of estoppel alone. The federal circuit courts have decided both ways, but generally upon the specific facts of the particular case. No doubt, upon the facts of a particular case, the court might properly hold that the limitation provided is unreasonable, or that the company is estopped to rely thereon; but where the declaration is upon the contract, without averments explaining or accounting for the delay in the institution of the suit, I hold that the clause in question must be construed as it reads, in accordance with the plain meaning of its language. I also hold that the provisions of the by-laws and certificates originally covering the insurance on the life of deceased were merged in and abrogated by the existing contract. If the language of the present contract were ambiguous, the wording of the old by-laws and certificates might be looked to for the purpose of interpretation, but I hold the language of the present contract not to be ambiguous. The demurrer to the plea is overruled.