GODDARD v. CASUALTY CO. OF AMERICA.

(Circuit Court of Appeals, Ninth Circuit. February 1, 1909.)

No. 1,599.

1. INSURANCE (§ 622*)—ACTIONS ON POLICIES—LIMITATION BY PROVISIONS OF POLICY.

An employer's liability policy of insurance contained a condition that "the company shall not be liable under this policy unless an action to enforce such liability be brought within 60 days from the date of the entry of a final judgment against the assured, after a trial of the issue on the merits in a suit duly instituted within the period limited by the statute of limitations, awarding damages on account of a casualty covered hereby, and then only provided that such action against the company be brought by the assured personally for damages sustained by the assured in paying and satisfying such final judgment." *Held*, that such 60-day limitation, having been voluntarily agreed to, was valid, and, unless waived, was a conclusive bar to an action on the policy, unless commenced within the time limited.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1544–1556; Dec. Dig. § 622.*

Conditions in policy as to time for bringing suit, see notes to Steel v. Phœnix Ins. Co., 2 C. C. A. 473; Rogers v. Home Ins. Co., 35 C. C. A. 404.*]

2. INSURANCE (§ 622*)—ACTION ON POLICY—LIMITATION BY PROVISIONS OF POLICY.

The fact of the appointment of a receiver for the assured did not suspend the running of limitations against an action on the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1544–1556; Dec. Dig. § 622.*]

In Error to the Circuit Court of the United States for the Northern Division of the Western District of Washington.

Action at law by the plaintiff, A. J. Goddard, as the general receiver of the property of the Duwamish Mill Company, to recover the sum of $6,000 from the Casualty Company of America on a policy of insurance issued September 20, 1904, to the Duwamish Mill Company against loss or damage by reason of claims brought against it by any of its employés on account of bodily injuries, fatal or nonfatal, suffered while in the factory, shop, or yard in said policy described. During the life of this policy, on October 5, 1904, one Charles Baker was injured while in the employ of the assured. On January 11, 1905, Baker brought suit in the superior court of the county of King, state of Washington, against the assured, for damages for and on account of his said injuries. The defendant in error took sole and exclusive charge and control of the defense to the action. Baker recovered a judgment against the assured for $6,000, which, on appeal to the superior court of the state, was affirmed, and on October 8, 1906, a final judgment was entered in favor of Baker. Thereafter the said superior court directed the plaintiff in error herein to issue his interest-bearing receiver's certificate in the sum of $6,764.06 in payment and satisfaction of said judgment, which said certificate the plaintiff in error issued on October 25, 1907, and the same was accepted and received in payment and satisfaction of the judgment, and the judgment was satisfied of record. Thereupon, on the 15th day of November, 1907, the plaintiff in error brought this action against the defendant in error in the Circuit Court of the United States for the Western District of Washingon. An amended complaint was filed February 13, 1908, and to this amended complaint the defendant in error interposed a demurrer, on the ground that the complaint did not state facts sufficient to constitute a cause of action and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that the action had not been commenced within the time limited by law and by the contract sued on. The court sustained the demurrer and dismissed the action. The case is here upon writ of error.

Vince H. Faben, C. K. Poe, and S. H. Kelleran, for plaintiff in error.

James A. Kerr, E. S. McCord, and John P. Hartman, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge (after stating the facts as above). The policy of insurance, as set forth in the complaint, contained this provision:

"The company shall not be liable under this policy unless an action to enforce such liability be brought within 60 days from the date of the entry of a final judgment against the assured, after a trial of the issue on the merits in a suit duly instituted within the period limited by the statute of limitations, awarding damages on account of a casualty covered hereby, and then only provided that such action against the company be brought by the assured personally for damages sustained by the assured in paying and satisfying such final judgment. This clause shall not in any way limit, restrict, or abridge the company's defense to any such action."

The final judgment against the assured was entered on the 8th day of October, 1906. The present action to enforce the liability of the defendant in error was not brought by the assured until November 15, 1907. The action was not brought within 60 days from the date of the entry of the final judgment against the assured, and no reason is alleged in the complaint why the action was not brought in accordance with the terms of the contract, nor is there an allegation of waiver of the condition on the part of the company.

It is contended on the part of the plaintiff in error that the provisions of the policy of insurance respecting the limitation of time for bringing suit are inconsistent, in requiring that the suit shall be brought within 60 days from the date of the entry of final judgment against the assured, and then only for damages sustained by the assured in paying and satisfying such final judgment. It is contended that two distinct limitations are here provided: First, that suit shall be brought within sixty days; and, second, that no suit can be brought until the judgment is paid; and that these two limitations are inconsistent.

It is manifest that this contention is without merit. There is but one limitation provided in the policy against the assured, and a reference to one provided by statute against the person bringing suit against the assured for injuries sustained. The company is not liable except under certain expressly stipulated conditions: (1) The injured party must have brought suit against the assured within the period limited by statute, a trial must have been had upon the issues on the merits, and a final judgment entered against the assured awarding damages for the casualty, and the judgment must have been paid by the assured. (2) An action to enforce the liability of the company must have been brought by the assured within 60 days from the date of the entry of the final judgment against the assured for the damage sustained by the assured in paying and satisfying such final judgment.

The payment of the final judgment is the loss sustained by the assured in damages, which constitute the primary liability of the company for an injury to an employé of the assured. It is in no sense a limitation as to the time, but a condition of liability. The judgment may be paid immediately upon its entry, or it may not be paid until just within the period of 60 days after its entry. In either case the liability of the company attaches, if the suit against it is brought, as provided in the policy, within 60 days from the date of the entry of the final judgment against the assured, and it does not attach if the suit is not so brought, even though the judgment is paid immediately upon its entry.

The contract of insurance is a voluntary one, and the insurers have a right to designate the terms upon which they will be responsible for losses. A condition in an insurance policy, providing that the action is barred unless commenced within a stipulated period, is valid, and, unless waived by the insurer, is a conclusive bar to an action brought after the stipulated period. Riddlesbarger v. Hartford Insurance Company, 74 U. S. 386, 19 L. Ed. 257; Thompson v. Phenix Insurance Company, 136 U. S. 287, 10 Sup. Ct. 1019, 34 L. Ed. 408; Arthur v. Homestead Fire Insurance Company, 78 N. Y. 462, 34 Am. Rep. 550.

It is further contended that the appointment of a receiver for the property of the assured suspended this period of limitation for bringing suit against the insurance company. No reason is given why the appointment of a receiver should have had that effect in this case, and there is no rule of law with which we are familiar that would have that effect. The authorities cited on behalf of the plaintiff in error do not support the contention. In this view of the case, it is not necessary to determine whether the receiver's certificate. issued and accepted in payment and satisfaction of the judgment, constituted payment and satisfaction of the judgment within the meaning of the policy of insurance.

The judgment of the Circuit Court is affirmed.