**LEITHAUSER v. HARTFORD FIRE INS. CO.**

No. 1554.

District Court, N. D. Ohio, W. D.

Aug. 28, 1939.

Eugene Rheinfrank, of Toledo, Ohio, and C. W. Palmer, of Defiance, Ohio, for plaintiff.

Ross Shumaker and Fraser, Effler, Shumaker & Winn, all of Toledo, Ohio, and Myers & Snerly, of Chicago, Ill., for defendant.

KLOEB, District Judge.

On and prior to the twentieth day of July, 1930, Plaintiff P. J. Leithauser was the owner of a certain elevator on which a policy of fire insurance had been issued by the Defendant on the twenty-eighth day of January, 1930. This policy constituted a second renewal of a policy that had been issued in January of 1928 and renewed in January, 1929.

Plaintiff P. J. Leithauser was, on the dates on which these policies were issued, a member of the partnership firm of Leithauser and Parent, engaged in the business of writing fire insurance and, as such, the licensed agents of the Defendant Company.

It is Plaintiff's contention that when the first policy was issued in January of 1928 that the junior partner, Grace Parent, typed the policy and the daily reports in connection therewith; that on the copy of the daily report that was sent to the Defendant Company, and on the copy which she retained in her files, she had answered one of the questions contained therein to the effect that the insured property stood on leased ground; that the policy then issued did not, however, contain this statement; that when the policy was renewed in January of 1929, that this question as well as others contained in the daily reports was not specifically answered, but was generally answered by the following statement printed across the report "Same as Before"; that a copy of this daily report containing this general answer was sent to the Defendant Company; that the same procedure was followed when the third policy was issued in January of 1930.

On July 20, 1930, the insured property, with the exception of the office building, burned to the ground.

On March 4, 1931, Plaintiff filed his petition in the Common Pleas Court of Defiance County, Ohio, seeking a judgment for the sum of $10,000, and subsequently this petition was duly removed to the United States District Court, Northern District of Ohio, Western Division, and became Case No. 3737 At Law.

On or about the eighth day of June, 1933, the case came on for hearing before a jury, Judge John M. Killits presiding. The Defendant had set up, among others, the defenses that the property stood upon leased ground, and that there was existing at the time of the fire a chattel mortgage on the insured property, contrary to policy conditions.

At the conclusion of the evidence the trial court sustained a motion of the Defendant, and without passing upon the defense of an existing chattel mortgage, or other defenses, directed a verdict in favor of the Defendant on the ground that the property destroyed stood upon leased ground.

The Plaintiff duly proceeded to the United States Circuit Court of Appeals which affirmed the decision on the ninth day of June, 1935, 6 Cir., 78 F.2d 320. A motion for leave to amend the petition was then denied by the Court.

On the twenty-fifth day of November, 1935, the United States Supreme Court denied Certiorari, 296 U.S. 645, 56 S.Ct. 249, 80 L.Ed. 459.

Thereafter, the Plaintiff filed his motion in the United States District Court at Toledo asking leave to file an amended petition, and to insert therein a cause of action seeking reformation of the contract.

This procedure had been undertaken by the Plaintiff following affirmance in the United States Circuit Court of Appeals, and as in that court the United States District Court denied the motion.

In the opinion of Judge Paul Jones filed May 8, 1936,[1] wherein he overruled Plaintiff's motion for leave to file an amended petition, he said in part the following: "The legal remedy is open if the Chancellor's favorable resolve is diligently pressed. * * * When judgment was affirmed, the law suit ended. There was no action pending in this Court which could be revived by amendment of the petition."

On the thirtieth day of March, 1936, Plaintiff filed a petition in the Common Pleas Court of Defiance County, Ohio, seeking, in equity, a reformation of the contract, by inserting therein words to the following effect: "Located on land leased by the insured from the Baltimore and Ohio Railway."

This petition was duly removed to this Court. It not only asks for a reformation of the contract, but in addition thereto a judgment after reformation for the sum of $10,000.

The case was tried to this Court on January 5, 1939. It was submitted on its merits so far as the issue of reformation is concerned. Testimony was offered by the Plaintiff, and certain evidence offered by the Defense and received by the Court. At the conclusion of all the evidence Defendant moved for the dismissal of Plaintiff's petition on the merits for five reasons enumerated in the motion. Briefs were thereafter filed.

Among the reasons assigned by Defendant in its motion for dismissal of Plaintiff's petition were the following:

(1) The petition was not filed within the time fixed by the policy itself for instituting such an action.

(2) All issues might or could have been adjudicated in the same claim for relief, which was Case No. 3737 At Law, and which was fully tried upon its merits and resulted in a judgment for the Defendant.

(3) Plaintiff is estopped under the principles of former adjudication and election of remedies to maintain this suit.

The motion of the Defendant is sustained upon the above three grounds.

The contract contains the following standard provision: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, *nor unless commenced within twelve months next after the fire.*"

The fire occurred on July 20, 1930. This petition was filed on March 30, 1936, almost six years after the fire, and almost five years after the expiration of the specified twelve months.

It is my opinion that the limitation in the policy, above quoted, is a valid and enforceable provision, and bars a new action or suit not brought within the time prescribed.

In Appel v. Cooper Insurance Co., 76 Ohio St. 52, 80 N.E. 955, 10 L.R.A.,N.S., 674, 10 Ann.Cas. 821, we find Syllabus 1 reading as follows: "The parties to a contract of insurance may, by a provision inserted in the policy, lawfully limit the time within which suit may be brought thereon, provided the period of limitation fixed be not unreasonable."

In the opinion of the Court, 76 Ohio St. at page 63, 80 N.E. at page 958, 10 L.R.A., N.S., 674, 10 Ann.Cas. 821, we find the following: "The conclusion reached by us [is] that the limitation clause in this policy means exactly what it says, and that the limitation begins to run from the date of the fire."

This decision was followed and approved in the case of Bartley v. Business Association, 109 Ohio St. 585, 143 N.E. 386.

In the case of Riddlesbarger v. Hartford Fire Insuranc Co., 74 U.S. 386, 7 Wall. 386, 19 L.Ed. 257, 259, we find the following: "A condition in a policy of fire insurance that no action against the insurers, for the recovery of any claim upon the policy, shall be sustained, unless commenced within twelve months after the loss shall have occurred, and that the lapse of this period shall be conclusive evidence against the validity of any claim asserted, if an action for its enforcement be subsequently commenced, is not against the policy of the statute of limitations, and is valid."

The Plaintiff seeks to circumvent this policy condition through application of Section 11233 of the General Code of Ohio, which reads in part as follows: "In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff be reversed, *or if the plaintiff fails*

---

[1] No opinion for publication.

*otherwise than upon the merits,* and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date, * * *."

It is clear that if this section applies that Plaintiff can benefit from it only on the ground that in the former action he "failed otherwise than upon the merits".

■ I am of the opinion that in the former action Plaintiff failed upon the merits. The fact that there was a decision by the presiding judge that the evidence, as a matter of law, warranted a judgment does not affect the fact that the decision was upon the merits. Stockstill v. D. & M. R. R. Co., 24 Ohio St. 83; Art Metal Construction Co. v. U. S., Ct.Cl., 13 F.Supp. 756, 758.

■ The statute above quoted, General Code, Section 11233, has reference, it appears to me, to limitations fixed by the State statutes, and not to limitations entered into in a contract between contracting parties.

It appears that the Supreme Court of Ohio has not passed upon this question, and two Circuit Courts in Ohio are at variance. In the case of Prudential Insurance Co. v. Howle, 19 Ohio Cir.Ct.R. 621, we find the following:

"A provision in a life insurance policy that no suit shall be maintained thereon unless such suit shall be commenced within six months next after the decease of the assured, is valid.

"Section 4991, Rev.Stat. [General Code, Section 11233], has no application to limitations created by contracts and hence has no application to this case."

On the other hand, we find the case of Cortesi v. Firemen's Fund Insurance Co., 25 Ohio Cir.Ct.R., N.S., 509, holding exactly to the contrary.

In the case of Riddlesbarger v. Hartford Insurance Co., 74 U.S. 386, 7 Wall. 386, at page 391, 19 L.Ed. 257, 259, supra; we find the following: "The rights of the parties flow from the contract. That relieves them from the general limitations of the statute, and, as a consequence, from its exceptions also."

In 23 A.L.R., at page 98, we find the following: "In all but a few jurisdictions the rule is that the provisions of a general statute of limitations extending the time of the running thereof, or fixing the time

when an action shall be deemed to be commenced, do not apply to a limitation period prescribed in a policy of insurance."

■ I prefer in this instance to follow what appears to be the general rule in view of the fact that the Court of last resort in Ohio is not on record on this question. The general rule appears to be the rule followed by the Federal Courts.

Plaintiff relies upon the case of Northern Assurance Company v. Grand View Building Co., 203 U.S. 106, 27 S.Ct. 27, 51 L. Ed. 109, wherein the policy contained a contractual limitation as to the time for bringing suit. However, Nebraska appears to be one state adhering to the rule that contractual limitations are invalid where they shorten time fixed by the statute of limitations. Furthermore, the United States Supreme Court in the Northern Assurance case disposes of this question when it was raised by counsel by stating that the question was not preserved below, and therefore was not open in the Supreme Court for consideration.

■ I am further of the opinion that Plaintiff is estopped under the principles of former adjudication and election of remedies to maintain this suit. This principle is set down in the case of Covington & Cincinnati Bridge Co. v. Sargent, 27 Ohio St. 233. Also in the case of Clark v. Baranowski, 111 Ohio St. 436, 145 N.E. 760.

The procedure in Ohio in 1931 when the first petition was filed permitted the Plaintiff to insert a cause of action seeking reformation of the contract. This he failed to do.

. Plaintiff relies upon the case of Prudential Casualty Co. v. Miller, 6 Cir., 257 F. 418, 419, where Syllabus 3 reads as follows: "When it is discovered, after an action at law is brought on a policy of insurance, that a reformation is necessary, for which a bill in equity must be filed, the action at law will be held in abeyance until the case in equity is concluded."

I have no desire to question the correctness of this decision. It is correct. However, the facts in the case at bar are totally different than were the facts in the Prudential case. In the case at bar the action at law was not held in abeyance, but was pursued by the Plaintiff to final conclusion, and when he filed a new petition in equity, the contractual limitation had expired.

It appears to me the Plaintiff seeks to recover upon a policy of insurance, which he

now desires first to reform, but his objective always is to recover a money judgment for the amount of the insurance, and I believe him to be bound by the former adjudication.

If the present contract were reformed as petitioned by Plaintiff, and the case was again tried to a jury, the Defense would have the right and the opportunity to assert the other defenses that it asserted in the first suit at law. Surely these matters have been adjudicated.

I find the case of Warner v. Godfrey, 186 U.S. 365, 22 S.Ct. 852, 46 L.Ed. 1203, to be well in point.

In the case of Firemen's Insurance Co. v. Brooks, 6 Cir., 19 F.2d 277, we find a set of facts similar to the case at bar. However, after the action at law had been filed, it was discovered that Plaintiff was not the sole owner of the property, and a new suit was immediately instituted for reformation of the policy. The court held that the Plaintiff was not estopped from prosecuting the second action for he had acted promptly in instituting the second action, and at page 279 of 19 F.2d, the court says: "If, after discovering it, they had continued to press the law case to the prejudice of appellants in this proceeding, a different question would arise."

For the above reasons the motion of the Defendant for the dismissal of the petition herein is granted. Exceptions saved to the Plaintiff.