## BANKHEAD DRILLING CO., Inc. v. RHODE ISLAND INS. CO.

### Civ. A. No. 534.

United States District Court
E. D. Louisiana, Baton Rouge Division.
April 12, 1949.

Clint L. Pierson, Baton Rouge, La., and Jones, Flanders, Waechter & Walker, New Orleans, La., for plaintiff.

Deutsch, Kerrigan & Stiles, New Orleans, La., for defendant.

CHRISTENBERRY, District Judge.

This is a suit on an aircraft hull policy of insurance in which plaintiff seeks to recover the sum of $11,000 plus penalties and attorneys fees.

In substance, the complaint alleges as follows:

That on or about May 23, 1946, the defendant issued to plaintiff its policy of insurance, under the terms of which the defendant insured a certain airplane owned by plaintiff, for a period of one year, against loss or damage caused by fire, lightning or explosion, except such loss or damage resulting from collision of the aircraft while in flight, with the ground, water or other object: that on or about September 30, 1946, plaintiff's aircraft, which a short time prior thereto had been appraised as having been worth the sum of $11,000, while stored in Baton Rouge, Louisiana, was totally destroyed by fire of unknown origin.

It is further alleged that on or about October 29, 1946, which was within the time limit specified in the policy, plaintiff filed a sworn statement of proof of loss with defendant claiming the sum of $11,000 for the total destruction by fire of the aircraft but that despite this and other demands defendant has refused to accept liability.

The matter is before the Court on defendant's motion to dismiss on the ground that the complaint fails to state a claim on which relief can be granted in that the action was not brought within twelve months next after the happening of the loss as required by the terms of the policy; that the loss occurred on September 30, 1946, and that suit was filed on April 6, 1948, and served on April 12, 1948.

Plaintiff, in opposing defendant's motion, concedes that the suit was filed more than twelve months next after the happening of the loss, but contends that paragraph 8 of the section entitled "Conditions" of the policy provides that payment for loss may not be required unless as conditions precedent thereto sixty days shall have elapsed after proof of loss is filed and the amount of loss is determined as provided in the policy.

Plaintiff contends that the amount of the loss has never been determined in that the defendant has never estimated or fixed or attempted to estimate or fix the amount of the loss; that by failing to make such determination the defendant has waived the prescriptive period provided in the policy and is therefore estopped from claiming the running of prescription against the filing of the suit.

[1] The validity of the prescriptive period of twelve months provided by the

terms of the policy is not questioned. It could hardly be in the light of the settled state of the jurisprudence. See Riddlesbarger v. Hartford Ins. Co., 1869, 7 Wall. 386, 74 U.S. 386, 19 L.Ed. 257; Tracy et al. v. Queen City Fire Insurance Co., 1913, 132 La. 610, 61 So. 687, Ann.Cas. 1914D, 1145; Turner v. Bankers & Shippers Ins. Co. of New York, La.App., 1939, 187 So. 122, citing Ray v. Liberty Industrial Life Ins. Co., La.App. 1938, 180 So. 855, and cases there cited. But such a policy provision, imposing as it does a short limitation on the right to sue on the policy is intended for the benefit of the company and may be waived by the company. In Thompson v. Phenix Ins. Co., 1890, 136 U.S. 287, 10 S.Ct. 1019, 1023, 34 L.Ed. 408, the Supreme Court of the United States, in referring to such a provision, said: " * * * While the validity of such a stipulation cannot be disputed (Riddlesbarger v. [Hartford] Ins. Co., 7 Wall. 386, 389, [19 L.Ed. 257]) we do not doubt that it may be waived by the company; and such waiver need not be in writing. It may arise from such a course of conduct upon its part as will equitably estop it from pleading the prescribed limitation in bar of a suit by the insured."

In Turner v. Bankers & Shippers Ins. Co. of New York, supra, the Court of Appeals of Louisiana, Orleans, after citing Thompson v. Phenix Ins. Co., supra, said [187 So. 126]: " * * * in order to deprive the insurer of its right to rely upon the contractual limitation, it must appear that there has been either an admission of liability on the part of the defendant and a promise by it to adjust the loss (which, as in the case at bar, constitutes an absolute waiver) or that discussions looking towards a settlement of the claim were continued for such a long period that the time left to the assured, after termination of the negotiations by the insurer's denial of liability, was not a reasonable time within which the action could be prepared and filed. * * *"

But here, there is no contention that the company has admitted liability or that discussions were ever had looking toward settlement. On the contrary, the complaint alleges that despite demand defendant has refused to accept liability. Further, plaintiff, in its memorandum in opposition to defendant's motion, states: " * * * defendant herein, failed and refused from the outset to enter any claim for the loss herein asserted due to the fact that the said company maintained that the loss sustained was outside the scope of the policy * * *."

Thus it is obvious that at least from the time proof of loss was filed the plaintiff was on notice that the company denied any liability whatever under the policy for the loss sustained.

■ Plaintiff was not, by any conduct of the company, lulled into the belief that the company would settle. On the contrary, plaintiff at all times after the filing of the proof of loss well knew that if recovery was to be had at all it would have to be by legal action. Assuming the correctness of plaintiff's contention that determination of the amount of loss was a condition precedent to plaintiff's right to bring an action against the company, that provision and paragraph 5 of the section entitled "Conditions" must be considered together. When that is done, it becomes convincingly clear that the provision has to do with and applies to cases in which there is acknowledgment by the company of liability, but disagreement between the parties as to the amount of the loss. It is clearly the intention of the parties that litigation be withheld pending adjustment of such disagreement. No other conclusion is reasonable. It was certainly not the intention to require the company to determine the amount of a loss where, as here, the company promptly denied any liability.

■ For the reasons stated, I find that the company did not waive the prescriptive period provided by the policy.

Having reached this conclusion, it is not necessary for a decision of the matter to determine whether prescription commenced to run with the happening of the loss or until sixty days after the filing of the proof of loss. Taking the view most favorable to the plaintiff, and assuming that prescription commenced to run sixty days after filing of the proof of loss, prescription had

run on any cause of action under the policy long before this suit was brought.

The complaint shows that the proof of loss was filed on October 29, 1946. The sixty-day period thereafter expired on December 28, 1946, and the prescriptive period of twelve months expired on December 28, 1947. This suit was brought on April 6, 1948, more than three months after prescription had run.

The motion to dismiss the complaint must be granted, and judgment will be entered accordingly.