VICTORY, J.,
dissenting.
1,1 dissent from the majority’s holding that the filing of a class action lawsuit suspended the contractual limitations period imposed by Louisiana Citizens Property Insurance Corporation’s (“Citizens”) insurance policy. In my view, La. C.C.P. art. 596 does not apply to a contractual limitations period because it expressly operates to only suspend “liberative prescription.” The majority errs in holding otherwise for several reasons.
First, La. C.C. art. 3471 provides that “[a] juridical act purporting to exclude prescription, to specify a longer period than that established by law, or to make the requirements of prescription more onerous, is null.” The converse of that is that a contractual limitations period which does not do any of the above is enforceable. This Court has long recognized that concept. See Blanks v. Hibernia Ins. Co., 36 La. Ann. 602 (La.1884) (“[t]he validity and legality of stipulations in policies of insurance limiting the time within which actions for claims thereunder may be brought, have been affirmed by the [Louisiana Supreme] Court and by the Supreme Court of the United States”) (citing Edson v. Merchants’ Mut. Ins. Co., 35 La. Ann. 353 (La.1883); Riddlesbarger v. Hartford Insurance Co., 74 U.S. 386, 7 Wall. 386, 19 L.Ed. 257 (1868)). Further in State of Louisiana v. All Property and Casualty Ins. Camers, 06-2030 (La.8/25/06), 937 So.2d 313, this Court recognized it was the time limitation in the insurance contracts at issue which governed the time period in which claimants must file suit (and thus we had to determine whether Acts 739 and 802 unconstitutionally violated these contractual time limitations). In addition, the relevant statutes recognize that parties to an insurance contract can set their own time periods for filing suit so long as the periods fall within a certain window. At the time of Katrina, Louisiana law prohibited insurers from including suit limitations periods shorter than 12 months, (La. R.S. 22:629(A)(3)(2005)), and prohibited parties from agreeing to a limitations period longer than the 10-year liberative prescription period. La. C.C. arts. 3471, 3499. La. R.S. 22:658.3 (now renumbered La. R.S. 22:1894) extended the period to September 1, 2007 unless a greater time period was otherwise provided by law or by contract. Here, Citizens extended the deadline to September 4, 2007, longer than the minimum period proscribed by law and shorter than the maximum period proscribed by law. In my view, where, as here, the contractual limitations period falls anywhere within the allowed window, i.e., between September 1, 2007 and the 10-year outer limit, it is valid under La. C.C. art. 3471 and enforceable as a contractual limitations period. See Leiter Minerals, Inc. v. California Co., 241 La. 915,132 So.2d 845 (1961) (where a contract fixes the length of a servitude within the time allowed by law, “no question of prescription arises because the servitude would expire by the terms of the contract before it could ever be lost by the 10-year prescription for non-user”).
In addition, the majority errs in relying on All Property to support its holding. The main issue in All Property was a contracts clause violation wherein this *737 Court wrestled with the provisions of Acts 739 and 802 because their application violated the contractual freedom of insurance companies to include time periods within which | sdaims had to be made under those contracts, as long as they did not reduce the period below one year. Ultimately, the Court upheld Acts 739 and 802 because the legislative incursion into the freedom of the parties to an insurance policy to contract for an applicable period of time within which claims were to be brought was “limited in both time and scope” and was being extended “for only one additional year.” 937 So.2d at 327. The Court concluded that the legislative restriction on freedom of contract in this respect was “appropriate and reasonable in order to protect the rights of the citizens of Louisiana and their general welfare.” Id. The Court rejected the notion that Acts 739 and 802 were unnecessary and that contra non valentem would suffice to remedy any problems in bring suit. The Court noted that contra non valentem applies on “an individual, case-by-case basis” and in order to avoid “mass confusion and an increase in filings in our courts,” “the Legislature addressed this significant public concern in an appropriate manner” by passing legislation setting a rule that was both general and uniform. Id. at 327, n. 13.
In this case, the Court is being asked to apply a pre-existing general provision of the Code of Civil Procedure dealing with class actions to interrupt the time period an insurance company has validly included in its contract. Further, this provision would provide an even longer period of time for the legal prosecution of claims against insurance companies than the legislature provided in Acts 739 and 802. In addition, the suspension based on Article 596 is uncertain and would be applicable only on an individual, case-by-case basis, the two things the Court in All Property sought to avoid. All Property recognized that the legislature’s desire for finality in stating these claims would be “forever barred” unless brought within the extended one-year period. Acts 739 and 802 were a special solution to a unique problem, and |4not meant to provide a new rule that contractual limitations could be suspended by Article 596.
Further, the majority opinion ignores the clear language of La. C.C.P. art. 596, which states “[ljiberative prescription” is suspended upon the filing of a class action in certain circumstances. It is well settled that “liberative prescription” is a “period of time fixed by law for the exercise of a right” and a contractual limitations period is not a time period fixed by law, it is fixed by agreement between the parties. Before this case and Pitts v. Louisiana Citizens Property Insurance Corp., 08-1024 (La.App. 4 Cir. 1/7/09), 4 So.3d 107, the Fourth Circuit had correctly held that the limitations period provided in an insurance policy is not a prescriptive period suspended by the provisions of Article 596. Katz v. Allstate Insurance Co., 04-1133 (La. App. 4 Cir. 2/2/05), 917 So.2d 443; see also Lila, Inc. v. Underwriters At Lloyd’s, London, 08-0681 (La.App. 4 Cir. 9/10/08), 994 So.2d 139 (holding that a contractual limitations period is not a prescriptive period subject to interruption or suspension). Similarly, in a well-reasoned opinion by Judge Feldman of the Eastern District of Louisiana, the federal court held that the filing of a class action Katrina lawsuit does not extend the contractual limitations period in an insurance policy. Dixey v. Allstate Ins. Co., 681 F.Supp.2d 740 (E.D.La.1/8/10). The court stated its belief that this Court would likely limit the All Property decision to its narrow facts because to do otherwise would violate the clear language of Article 596 and “add a dimension that might detract from the certainty of [that] decision ...” 681 *738 F.Supp.2d at 747, 748. I agree that we should have.
For the foregoing reasons, I respectfully dissent.