MOORE, Chief Justice
(concurring in the result in part and dissenting in part).
I concur in reversing the award of attorney fees, but I respectfully dissent from reversing the award of the arbitration fees.
I have three objections to applying the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (“the FAA”), to enforce predispute arbitration agreements. I explained two of my three objections in my dissent in Selma Medical Center, Inc. v. Fontenot, 824 So.2d 668, 677 (Ala.2001) (Moore, C.J., dissenting):
“First, because the FAA in its entirety establishes a set of procedures intended to apply only in United States district courts, it has no application in a case such as this, where proper jurisdiction lies exclusively in a court of the State of Alabama. In 1925, when Congress enacted the FAA, Congress was not acting under its power granted in Article I to regulate interstate commerce, but rather, it was acting under its power granted in Article III to prescribe rules of procedure for courts. Second, Congress’s power to regulate interstate commerce has been unconstitutionally expanded by the courts. As a result, Congress has been able to reach by federal regulation activities that are clearly intrastate in nature. Courts exacerbate this error by applying the expansive Commerce Clause jurisprudence to the FAA and thereby enforcing federal arbitration law when state laws should control.”
Third, it appears to me that the FAA is unconstitutional under the Seventh Amendment to the United States Constitution, which provides:
“In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.”
At the time the Seventh Amendment was ratified, the common law provided that parties could agree to submit a dispute to arbitration only after a dispute had arisen, but any agreement to submit disputes to arbitration before a dispute had arisen was considered an improper attempt to divest courts of their jurisdiction. See Home Ins. Co. of New York v. Morse, 87 U.S. (20 *977 Wall.) 445, 451, 22 L.Ed. 365 (1874); Riddlesbarger v. Hartford Ins. Co., 74 U.S. (7 Wall.) 386, 390-91, 19 L.Ed. 257 (1868); Birmingham News Co. v. Horn, 901 So.2d 27, 44 (Ala.2004), overruled on other grounds, Hereford v. Horton, 13 So.3d 375, 379-80 (2009), and Horton Homes, Inc. v. Shaner, 999 So.2d 462, 466 (Ala.2008); 3 William Blackstone, Commentaries *16-17. See also II Message of the President of the United States Transmitting the Report of the Employers’ Liability and Workmen’s Compensation Commission 769 (Government Printing Office 1912) (brief of Morris M. Cohen) (“But passing this, a general waiver of a jury trial before any cause of action has accrued is obviously against public policy and is, in effect, an attempt to nullify the seventh amendment to the Constitution. It is impossible to conceive how a man can waive a thing which does not exist at the time he waives it; that is to say, the right to a jury trial does not exist until a cause of action has accrued.”). Cf. Ex parte First Exch. Bank, 150 So.3d 1010, 1019 (Ala.2013) (Moore, C.J., concurring specially) (arguing that a predispute contractual jury waiver violates the right to trial by jury as guaranteed by the Alabama Constitution). Thus, because the FAA cuts off an injured party’s right to trial by jury by enforcing agreements that were illegal at common law, it appears to me that the FAA is unconstitutional under the Seventh Amendment.[8]
In this case, if the arbitration agreement was unenforceable under the principles stated above, then the Useltons would have been entitled to their day in court. If the Useltons had won the court battle, then they would not have been entitled to attorney fees pursuant to the American rule. Classroomdirect.com, LLC v. Draphix, LLC, 992 So.2d 692, 710 (Ala.2008). If the arbitration agreement was enforceable, then I would agree with the main opinion that the arbitrator exceeded the scope of his powers in awarding attorney fees. But because of my concerns about the applicability of the FAA in this case, I concur only in the result as to the issue of attorney fees.
Arbitration costs, however, are another matter. If the Useltons had not been forced to arbitration and had then prevailed in court, they would have been awarded costs. Rule 54(d), Ala. R. Civ. P. Moreover, even if the arbitration agreement was enforceable, the agreement does not preclude the arbitrator from awarding costs to the prevailing party. The agreement simply states that “[t]he arbitration fees ... shall be paid by both parties.” This provision requires each party to pay arbitration costs up front but says nothing about whether the arbitrator is precluded from awarding costs to the prevailing party, which would have been awarded by a court of law in Alabama, at the end of the arbitration proceeding. I also note that the Better Business Bureau of North Alabama Rules provide that “[t]he arbitrator may award any remedy that is permitted under applicable law.” Thus, it is clear to me that the agreement does not prohibit the arbitrator from awarding costs to the prevailing party.[9] Therefore, I respeetful *978 ly dissent from reversing the award of the arbitration fees.

. Justice Almon took a similar position in his dissent in Ex parte McNaughton, 728 So.2d 592, 601-02 (Ala.1998) (Almon, J., dissenting), arguing forcefully:
"How can the Supreme Court, ignoring the Seventh and Tenth Amendments and state constitutional guarantees of the right of trial by jury, construe an Act of Congress beyond its original intent in such a way as to prevent citizens of the United States and the states from exercising their constitutional right to litigate in court? Neither the Supreme Court nor the Congress has that constitutional authority.”

. Even if the provision in the agreement was ambiguous, "ambiguity in a contract must be *978 construed against the drafter of the contract.” South.Trust Bank v. Copeland One, L.L.C., 886 So.2d 38, 43 (Ala.2003). Because Guardian Builders, LLC, drafted the contract, this Court should have construed this provision in favor of the Useltons.