IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 3, 2019 Session

## BONNIE R. LOVELL v. WARREN COUNTY, TENNESSEE

Appeal from the Circuit Court for Warren County
No. 117        Barry R. Tidwell, Judge

_____

### No. M2019-00582-COA-R3-CV

_____

A woman was incarcerated after being arrested and charged with several crimes.  Prior to trial, the charges against her were dropped and she was released.  Within a year of her release, the woman filed a claim against the county for false imprisonment.  The county moved for summary judgment, asserting that the complaint was barred by the one-year statute of limitations.  The trial court granted the county's motion and the woman appealed.  We reverse the trial court's judgment and hold that the statute of limitations for false imprisonment claims does not begin to run until the imprisonment ends.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and RICHARD H. DINKINS, J., joined.

Robert Samuel Peters, Winchester, Tennessee, for the appellant, Bonnie R. Lovell.

Robert Oliver Bratcher, McMinnville, Tennessee, for the appellee, Warren County, Tennessee.

### OPINION

FACTUAL AND PROCEDURAL BACKGROUND

Bonnie R. Lovell was arrested on August 16, 2012, and charged with various crimes.  She was taken to the Warren County jail, where she remained until August 5, 2013, when the local district attorney general dismissed the charges against her and released her from jail.  On June 16, 2014, Ms. Lovell filed a complaint against Warren

County pursuant to the Tennessee Governmental Tort Liability Act ("GTLA"), Tenn. Code Ann. §§ 29-20-101–313. She sought damages for false imprisonment.[1]

Warren County answered the complaint and asserted several affirmative defenses. The County then moved for summary judgment, asserting that (1) Ms. Lovell's claim was barred by the statute of limitations, (2) Ms. Lovell sued the wrong governmental entity, and (3) ultimate control of the case rested with the local district attorney general's office rather than with the Warren County Sheriff's office. The trial court awarded the County summary judgment after concluding that Ms. Lovell's complaint was barred by the statute of limitations. The court wrote:

> Tennessee Code Annotated § 28-3-104(a)(1)(A) provides that "except as provide[d] in subsection (a)(2), the following actions shall be commenced within one (1) year after the cause of action accrued: Actions for libel, injuries to the person, false imprisonment, malicious prosecution, or breach of marriage promise."
>
> To recover under the tort of false arrest and imprisonment, a plaintiff must prove: "(1) the detention or restraint of one against his will and (2) the unlawfulness of such detention or restraint." *Coffee v. Peterbilt of Nashville, Inc.*, 795 S.W.2d 656, 659 (Tenn. 1990). The claim accrues at the time of arrest and imprisonment. *Gray v. 26th Judicial Task Force*, No. 02A01-9609-CV-00218, 1997 WL 379141, at *2 (Tenn. Ct. App. W.S., July 8, 1997) (citing *Dunn v. Tennessee*, 697 F.2d 121, 127 (6th Cir. 1982)). *See also Crowe v. Bradley Equipment Rentals and Sales, Inc.* No. E2008-02744-COA-R3-CV, 2010 WL 1241550, at *5 (Tenn. Ct. App. March 31, 2010). The Court finds that the filing of this lawsuit is clearly outside the one (1) year statute of limitations period, and the case should be dismissed.

With regard to the other two grounds on which the County based its motion, the court found there were genuine issues of material fact that prevented those issues from being decided on summary judgment. Ms. Lovell appealed the trial court's dismissal of her complaint on statute of limitations grounds.

ANALYSIS

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

---

[1]Ms. Lovell alleged that the deputies of the Warren County Sheriff's Office were in possession of exculpatory evidence that they withheld from Ms. Lovell and that she would not have been prosecuted if that evidence had been disclosed to Ms. Lovell and her attorney.

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." TENN. R. CIV. P. 56.04. We review a trial court's ruling on a motion for summary judgment de novo, with no presumption of correctness afforded to the trial court's determination. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). The question whether a claim is barred by a statute of limitations is a question of law that we review de novo. *Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 456 (Tenn. 2012); *Brown v. Erachem Comilog, Inc.*, 231 S.W.3d 918, 921 (Tenn. 2007).

The parties do not dispute that Ms. Lovell's claim for false imprisonment is subject to the one-year statute of limitations found in Tenn. Code Ann. § 28-3-104(a)(1)(A). According to that statute, an action for false imprisonment "shall be commenced within one (1) year after the cause of action accrued." Tenn. Code Ann. § 28-3-104(a)(1)(A); *see also* Tenn. Code Ann. § 29-20-305(b) (providing that GTLA actions "must be commenced within twelve (12) months after the cause of action arises"). The parties disagree on when Ms. Lovell's cause of action accrued. The County asserts that her cause of action accrued on August 16, 2012, when she was arrested and first placed in jail. Ms. Lovell asserts that her cause of action did not accrue until she was released on August 5, 2013. Ms. Lovell filed her complaint on June 16, 2014. If the County is correct, her claim is barred. If Ms. Lovell is correct, her complaint is not barred.

The County relies on *Gray v. 26th Judicial Drug Task Force*, Nos. 02A01-9609-CV-00218, C95-279, 1997 WL 379141 (Tenn. Ct. App. July 8, 1997), to support its argument that the trial court was correct in ruling that the statute of limitations for Ms. Lovell's false imprisonment claim began running when she was arrested and imprisoned. The facts of *Gray* are distinguishable, however, from the facts here, and the court's analysis in *Gray* does not determine the outcome for Ms. Lovell. The cases are similar in the sense that, like Ms. Lovell, the plaintiff in *Gray* was arrested, charged, and imprisoned before the case against him was dismissed prior to trial. *Gray*, 1997 WL 379141, at *1. Unlike Ms. Lovell, however, Mr. Gray's causes of action included false arrest, false imprisonment, and malicious prosecution, in addition to civil rights violations. *Id.* In determining when the statute of limitations began to run on Mr. Gray's claims, the *Gray* court treated the claims for false arrest and false imprisonment as one, stating "Gray's claims for false arrest and false imprisonment accrued on January 14, 1994, the date of his arrest." *Id.* at *2. The *Gray* court based this determination on a Sixth Circuit Court of Appeals case involving a claim for false arrest, *id.*, wherein the Sixth Circuit found that the plaintiff's wrongful incarceration was an "ill effect" from the false arrest and was "not independently actionable." *McCune v. City of Grand Rapids*, 842 F.2d 903, 906 (6th Cir. 1988). The *Gray* court did not treat the claim for false imprisonment as a separate claim, distinct from that of false arrest. *Gray*, 1997 WL 379141, at *2.

In this case, by contrast, Ms. Lovell did not assert a claim for false arrest. Her claim for false imprisonment stands alone. The Supreme Court of the United States considered the question when the statute of limitations begins to run on false imprisonment claims in *Wallace v. Kato*, 549 U.S. 384 (2007), and it held as follows:

> The running of the statute of limitations on false imprisonment is subject to a distinctive rule—dictated, perhaps, by the reality that the victim may not be able to sue while he is still imprisoned: "Limitations begin to run against an action for false imprisonment when the alleged false imprisonment ends." 2 H. WOOD, LIMITATION OF ACTIONS § 187d(4), p. 878 (rev. 4th ed. 1916); *see also* 4 RESTATEMENT (SECOND) OF TORTS § 899, Comment c (1977); A. UNDERHILL, PRINCIPLES OF LAW OF TORTS 202 (1881).

*Wallace*, 549 U.S. at 389. "Thus," the *Wallace* Court explained, "to determine the beginning of the limitations period in this case, we must determine when petitioner's false imprisonment came to an end." *Id.*; *see also* RESTATEMENT (SECOND) OF TORTS § 899 (1979) (stating that statute of limitations for false imprisonment, "begins to run only when the imprisonment ends, since the period of imprisonment is treated as a unit"). The plaintiff in *Wallace* filed a civil rights claim against city police officers pursuant to 42 U.S.C. § 1983, and the Court determined that the tort of false imprisonment provided the proper analogy for determining the accrual date of the civil rights claim. *Wallace*, 549 U.S. at 386-89.

Warren County takes the position that the typical incarcerated individual has access to the courts and need not wait until he or she is released to file a claim for false imprisonment. The County's argument fails to account for an individual who is confined in a house or other location, where there is no access to the courts until the imprisonment ends. If we were to base the accrual date for false imprisonment claims on the date the imprisonment begins, the imprisoned person who is confined for more than a year with no access to the courts would be denied the right to assert a claim at all. The *Redwing* Court described the purpose of statutes of limitations thusly:

> Statutes of limitations promote fairness and justice. *Pero's Steak & Spaghetti House v. Lee*, 90 S.W.3d 614, 621 (Tenn. 2002). They are shields, not swords, *Lawman v. Barnett*, 180 Tenn. 546, 565, 177 S.W.2d 121, 128 (1944), and they reflect "'a societal choice that actions must be brought within a certain time period.'" *Parrish v. Marquis*, 172 S.W.3d 526, 532 (Tenn. 2005) (quoting *Palmer Dev. Corp. v. Gordon*, 1999 ME 22, ¶ 11, 723 A.2d 881, 884). They are based on the presumption that persons with the legal capacity to litigate will not delay bringing suit on a meritorious claim beyond a reasonable time. *Hackworth v. Ralston Purina Co.*, 214 Tenn. 506, 510, 381 S.W.2d 292, 294 (1964); *see also*

> *Riddlesbarger v. Hartford Ins. Co.*, 74 U.S. 386, 390, 7 Wall. 386, 19 L.Ed. 257 (1869).

*Redwing*, 363 S.W.3d at 456. If we held that the statute of limitations for false imprisonment begins to run on the date the imprisonment or confinement begins, a plaintiff may be denied the opportunity to file an action for false imprisonment due to circumstances beyond his or her control. We would not be promoting fairness and justice, and the statute of limitations would be wielded as a sword rather than as a shield, contrary to the dictates of *Redwing*.

Consistent with the United States Supreme Court's holding in *Wallace v. Kato* and with the Restatement (Second) of Torts, § 899, we hold that a false imprisonment cause of action does not accrue, and the statute of limitations does not begin to run, until the termination of the imprisonment alleged.

CONCLUSION

The judgment of the trial court is reversed, and this matter is remanded for further proceedings consistent with this opinion. Costs of appeal shall be assessed against the appellee, Warren County, Tennessee, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE