35 353
47 1283

## No. 8570.

### MORTIMER EDSON vs. THE MERCHANTS' MUTUAL INSURANCE CO.

The condition in a policy of insurance that claims thereunder shall be barred, unless judicially prosecuted within one year from the date of loss, is legal and not violative either of express provisions, or of the policy, of the law of prescription of this State.

The fact that plaintiff was arrested and prosecuted for arson, especially when such prosecution was not at the instance of defendant, furnishes no excuse for non-compliance with such condition.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot*, J.

*T. A. Bartlette* for Plaintiff and Appellant.

*T. H. Kennedy* for Defendant and Appellee.

The opinion of the Court was delivered by

FENNER, J. This is a suit upon two policies of insurance, which

45

contain the following express condition : " All claims under this policy are barred unless judicially prosecuted within one year from the date of loss."

The loss here claimed occurred on the 23d and 24th of December, 1879. Suit was not brought until December 1st, 1881. The petition contains no explanation of or excuse for the delay.

The Company, by way of peremptory exception, pleaded the above condition in bar of the action.

The only evidence consists of certain admissions to the effect that the plaintiff was arrested on charge of arson on the night of the fire; sent before the Criminal Court without bail; tried twice, in May and in June, 1880, the jury each time failing to agree; released on bond July 23d, 1880; and finally discharged by entry of *nol. pros.*, May, 1881.

There is no suggestion that the defendant had anything to do with his arrest or prosecution; and it appears from the above that he was released from custody several months prior to the expiration of the term within which the condition of the policy required suit to be brought. These facts dispose of the suggestion that the breach of the condition was due to any fault of defendant or to any *vis major*.

See on this question McCall vs. Ins. Co., 33 An. 142.

The objections that the condition is void because contrary either to the express provisions, or to the policy, of the law of prescription of this State, are untenable. It does not violate either Arts. 3460 or 3470 of the Civil Code.

Such conditions have been heretofore enforced by this Court. Carraway vs. Ins. Co., 26 An. 298.

The question has been exhaustively considered and decided in the same sense by the Supreme Court of the United States, quoting numerous authorities and decisions and disposing of the very points here urged. Riddleberger vs. Hartford, 7 Wall. 288.

The exception was properly sustained.

Judgment affirmed at appellant's costs.