State ex rel. Montague vs. Coquillon.

No. 8935.

THE STATE EX REL. ALFRED MONTAGUE VS. LOUIS COQUILLON, JUSTICE OF THE PEACE IN THE PARISH OF ST. TAMMANY.

Under its supervisory jurisdiction, the Supreme Court will entertain a *writ of certiorari* against a justice of the peace, for the purpose of ascertaining the validity of his proceedings in an unappealable case. If, on examination of the proceedings, it appears that the magistrate has rendered judgment against the relator without giving him a hearing according to law, the judgment thus rendered will be annulled and avoided.

Under the provisions of Article 1084 C. P., either party is entitled to delay for the purpose of preparing his case, in a cause pending before a justice of the peace, on the first fixing of a cause.

Under Article 1085, if the parties fail to appear at the appointed time, and if they reside in the country, the justice of the peace must wait two hours before he can render a valid judgment in the premises.

APPLICATION for Writ of Certiorari.

---

*P. G. Riddell* and *J. A. Reid* for the Relator.

Defendant *in propria persona.*

---

The opinion of the Court was delivered by

POCHÉ, J. This is an application for a writ of *certiorari* against the defendant, Justice of the Peace, who is alleged to have rendered judgment in an unappealable case against the relator, without allowing him a hearing as the law requires.

The relief sought by relator is predicated on our supervisory jurisdiction; and in answer to a preliminary order the respondent has sent a certified copy of the proceedings in the premises.

From that record it appears that a suit was filed against the relator in respondent's court, on the 21st of May, 1883, and that citation was served on him on the same day.

It further appears that the defendant in the suit was notified, on the 25th of May, that the trial of the case was fixed for the 4th of June following, and that witnesses were summoned on the 29th of May.

The record shows that the defendant appeared in court on the appointed day, and asked for time to prepare an answer, and that his application was overruled, whereupon he retired and sought the advice of counsel, by whom an answer was prepared and presented to the court in less than an hour after the time appointed for the trial. At this juncture relator was informed by the magistrate that his answer came too late; that the case had been tried, and that judgment had been rendered against him. This information was followed by a formal notice of judgment served on the defendant on the same day, and

the whole proceeding culminated in the seizure of relator's property, notice of which was served on him on the 11th of June following.

Under the provisions of Article 1082 of our Code of Practice, the defendant had ten days to answer to the action, and that delay expired on the first of June. Hence, the notice of trial served on him on the 25th of May, and the subpœnas issued to witnesses on the 29th of the same month, before issue joined, and previous to the expiration of the legal delay granted to the defendant, could have no legal effect against him, and could not debar him of his legal right to answer to the action.

It, therefore, follows, that he was legally entitled, when he appeared before the court on the 4th of June, to a reasonable delay necessary to the preparation of his defence.

This right is specifically conferred by Article 1084 of the Code of Practice, which reads as follows:

"If both parties are ready to try the cause, the Judge may proceed to the hearing, otherwise the justice shall fix such a day and hour as he thinks proper, allowing sufficient time to the parties to summon their witnesses, if it be necessary."

It is plain to our minds that, under the rulings of the respondent, the relator has been unjustly denied the legal right contemplated by the Article just quoted.

Even if it could be held that the case had been legally fixed for the 4th of June, and that, in refusing defendant's application for delay in order to prepare his defence, the magistrate had exercised a sound and legal discretion, it would yet appear that his course in rendering judgment within an hour of the appointed time cannot be sustained in law.

Article 1085 of the Code of Practice provides, that if the parties reside in the country, as is the case herein, and if they should fail to appear at the appointed time, the justice shall wait two hours, after which he shall proceed to dispose of the cause by a final judgment.

It cannot be contended for a moment that the appearance of the defendant for the exclusive purpose of applying for delay within which to prepare a defence, is such an appearance as that Article provides for. The appearance contemplated is where the two parties are before the court, either in person or by counsel, (Art. 1087) for the purpose of a trial of the cause.

Hence, in this case, after the defendant had refused to go to trial, and had withdrawn from the court, it was the bounden duty of the magistrate to have waited two hours before proceeding to the trial of the cause. Had he done so, the answer presented by the relator, within an hour later, would have been in time, and a legal trial might then

have taken place. But by his hasty action, the magistrate stripped the defendant of his legal means of defence.

In either view of the case it is apparent that the course of the justice of the peace is unwarranted by law, and that it has practically operated a denial of justice.

Hence, we conclude that the judgment rendered by him, under the circumstances hereinabove stated, is absolutely null and void.

It is, therefore, ordered and decreed that the judgment rendered by the respondent magistrate against the relator, on the 4th of June, 1883, be annulled and avoided, and that respondent be ordered to try the case anew, in conformity with the provisions of the law, and that the respondent pay the costs of these proceedings.