# COURT OF COMMON PLEAS OF BALTIMORE CITY

Filed June 10, 1898.

### ANNIE B. LEE, ADMX.,

VS.

### UNION CASUALTY AND SURETY COMPANY.

*James Hughes* and *Howard Bryant* for plaintiff.

*Barton & Wilmer* for defendant.

HARLAN, J.—

This is a suit upon a policy of insurance, issued upon the life of Reuben B. Lee, and the 8th plea alleges that one of the conditions upon which the policy was issued was that legal proceedings for recovery under the said policy may not be brought unless begun within six months from the time of the death of the insured, and that the suit was not brought within said time. The replications does not deny that such was the condition of the policy, or that the suit was brought within said six months, but sets up the fact that the policy was made payable to the estate of the said Lee, and that suit was brought within six months after the appointment of the plaintiff as his administratrix. To this replication there is a demurrer.

The replication alleges no excuse for the delay in taking out letters of administration, and plaintiff's counsel rely solely upon the legal proposition that limitations could not begin to run until there was some person to bring the suit, and that therefore limitations did

not begin to operate in this case before the letters of administration were taken out.

That under our statute providing that all actions of account, assumpsit, or on the case, actions of debt, &c., * * * shall be commenced, sued or issued within three years *from the time the cause of action accrues*, the statutory limitation *would not begin to operate before letters were granted*, is well settled.

Fishwick vs. Sewell, 4 H. & J. 393.
Haslett vs. Glenn, 7 H. & J. 17.
Rockwell vs. Young, 60 Md. 566.

But this case does not rest upon the statute; it rests upon the contract or agreement between the insured and insurer, and this contract fixes a point of time from which the period of limitation agreed on between the parties shall begin to run. What power has the Court to change this agreement between the parties? The exact question raised in this case seems to be *res nova*, so far as the reported decisions disclose in this State, but the distinction between a limitation prescribed by *contract* and a limitation prescribed by *statute* is recognized (Ernshaw vs. Sun Mutual Aid Society, 68 Md. 475), and elsewhere the law seems to be established by well considered cases, that where parties have substituted an agreement, as they may lawfully do, as to limitations, for the statutory rules, that the agreement will control entirely, and neither the statute, nor its exceptions, can have any application. As expressed by the Supreme Court of the United States, in Riddlebarger vs. Harford Ins. Co., 7 Wall., 386: "The rights of the parties flow from the contract. That relieves them from the general limitations of the statute, and, as a consequence, from its exceptions also."

Hocking vs. Ins. Co., 130 Pa. St. 170.
Melson vs. Phoenix Ins. Co., 25 S. E. Rep. (Ga.) 189.
McElroy vs. Continental Ins. Co., 48 Kan. 200.
Edson vs. Ins. Co., 35 La. Ann. 353.

That there are causes which will excuse the performance of the terms of a contract with reference to the time of bringing suit thereon, as well as its other terms, is well recognized. The case of Earnshaw vs. Sun Mutual Aid Society, 68 Md. 475, where suit was prevented by an injunction, and the case of Metropolitan Life Ins. Co. vs.

Dempsey, 72 Md. 288, where there was an agreement as to the amount to be paid and a promise by the insurer to pay, are illustrations of such causes.

In the case of Matthews vs. American Central Ins. Co., reported below in 41 N. Y. Supp. 304 (October, 1896), and in the Court of Appeals, 48, N. E. Rep. 751 (December, 1897), where a fire occurred after the death of the insured, and owing to a contest over his will letters had not been taken out until after the time limited in the policy for bringing suit, it was held that the suit was barred by the contract limitation. This case turned partly upon whether under the New York statutes a special administrator could not have been appointed pending the controversy to have brought the suit, but it contains the latest and a very full discussion of the principles applicable to *contract limitations*, and is ample authority for the position that an unexplained delay in taking out letters of administration will not prevent the running of the limitation provided by such contract.

The demurrer will have to be sustained and it is so ordered.