132 La.—20

---

(61 South. 687.)

No. 19,684.

TRACY et al. v. QUEEN CITY FIRE INS. CO.

In re QUEEN CITY FIRE INS. CO.

(April 14, 1913.)

*(Syllabus by the Court.)*

1. INSURANCE (§ 622*) — FIRE INSURANCE POLICY — LIMITATION OF ACTIONS — INTERRUPTION OF PRESCRIPTION.

The limitations of actions to one year, contained in fire insurance policies of the New York standard form, prescribed by section 22 of Act No. 105 of 1898, is not properly a contractual limitation, but is one specially prescribed by the law of Louisiana, and is governed by the rule laid down in Rev. Civ. Code, art. 3518, that prescription is interrupted by the citation of the defendant, even in a suit before a court without competent jurisdiction in the premises.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1540, 1544–1550; Dec. Dig. § 622.*]

2. INSURANCE (§ 323*)—FIRE INSURANCE POLICY—CONSTRUCTION—VACANCIES.

A policy of fire insurance in the standard form permits occasional or incidental vacancies for less than ten days.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 764–779; Dec. Dig. § 323.*]

3. APPEAL AND ERROR (§ 1094*)—REVIEW—FINDINGS BY INTERMEDIATE COURT.

The Supreme Court will not review findings of fact made by Courts of Appeal, save in clear cases of error or abuse of discretion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4322–4352; Dec. Dig. § 1094.*]

Action by Mrs. Annie E. Tracy and others against the Queen City Fire Insurance Company. Judgment for plaintiff was affirmed by the Court of Appeal, and defendant applies for certiorari or writ of review. Affirmed.

Smith & Carmouche, of Crowley, for relator. Chappuis & Holt, Shelby Taylor, and James A. Gremillion, all of Crowley, for respondent.

LAND, J. [1] The policy of fire insurance declared upon by the plaintiffs contains the following stipulation, to wit:

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire."

In Blanks v. Insurance Co., 36 La. Ann. 602, the court said:

"The validity and legality of stipulations in policies of insurance limiting the time within which actions for claims thereunder may be brought have been affirmed by this court and the Supreme Court of the United States. Edson v. Merchants' Ins. Co., 35 La. Ann. 353; Riddlesbarger v. Insurance Co., 7 Wall. 386 [19 L. Ed. 257].

"It has also been settled by this court that the term 'prosecuted,' as here used, means prosecuted by suit. Carraway v. Insurance Co., 26 La. Ann. 298.

"Such stipulations are therefore the law which the parties have made for themselves, and by which their rights and obligations must be measured."

The stipulation referred to in that case provided "that all claims under this policy are barred, unless prosecuted within one year from date of loss."

In the Edson Case, the court, after holding that the stipulation was lawful, said:

"The question has been exhaustively considered and decided in the same sense by the Supreme Court of the United States, quoting numerous authorities and decisions and disposing of the very points here urged. Riddlesbarger v. Hartford, 7 Wall. 288 [19 L. Ed. 257]."

It is, however, contended by the plaintiffs that the current of prescription was interrupted by the original suit brought about four months after the fire, but which was dismissed by this court on the ground that the court below was without jurisdiction ratione personæ. The present action was subsequently instituted more than one year after the date of the fire.

A similar contention was made in the Riddlesbarger Case, supra, and was overruled for the following reasons:

"The statute of Missouri, which allows a party who 'suffers a nonsuit,' in an action to bring a new action for the same cause within one year afterwards, does not affect the rights of the parties in this case. In the first place, the statute only applies to cases of involuntary nonsuit, not to cases where the plaintiff of his own motion dismisses the action. It was only intended to cover cases of accidental miscarriage, as from defects in the proof or in the parties or pleadings, and like particulars. In the second place, the rights of the parties flow from the contract. That relieves them from the general limitations of the statute, and, as a consequence, from its exceptions also.

"The action mentioned, which must be commenced within 12 months, is the one which is prosecuted to judgment. The failure of a previous action for any cause cannot alter the case. The contract declares that an action shall not be sustained unless such action, not some previous action, shall be commenced within the period designated. It makes no provision for any exception in the event of a failure of an action commenced, and the court cannot insert one without changing the contract.

"The questions presented in this case, though new to this court, are not new to the country. The validity of the limitations stipulated in conditions similar to the one in the case at bar has been elaborately considered in the highest courts of several of the states and has been sustained in all of them, except in the Supreme Court of Indiana.

"We have no doubt of its validity. The commencement, therefore, of the present action within the period designated was a condition essential to the plaintiff's recovery; and this condition was not affected by the fact that the action, which was dismissed, had been commenced within that period."

This case has never been overruled, and is cited in 19 Cyc. 910, with other cases, as sustaining the text as follows:

"But, even if a timely action is brought, a second action, commenced after the contract has become completed, cannot be maintained, although the first has been terminated by dismissal or nonsuit so that no trial has been had on the merits of the case."

On page 911, Id., we find the following note:

"Statutory provisions, as to second actions under the statute of limitations, do not apply so as to save the right to bring a second action after the contract period, after failure of the first action"

—citing cases from six states, and Harrison v. Hartford Fire Ins. Co. (C. C.) 67 Fed. 298. Cyc. cites a few cases to the contrary, where the first action was brought, in good faith, within the contract period, and on its

dismissal a new action was promptly instituted.

But it is contended by the plaintiffs herein that section 22 (page 151) of Act No. 105 of 1898 provides that "no fire insurance company shall issue fire insurance policies on property in this state other than those which shall conform to the New York standard form of fire insurance policy"; and, that form having been prescribed by law in this state, the limitation of one year stipulated therein is a statutory prescription, and not a contractual bar. Plaintiffs cite the case of Hamilton v. Royal Insurance Company of Liverpool (Court of Appeals N. Y.) 156 N. Y. 327, 50 N. E. 863, in which the syllabus reads as follows:

"The limitation of actions to one year contained in fire insurance policies of the standard form, being prescribed by the statutory form, and not subject to variation or omission by the parties, is not properly a contractual limitation, but is one specially prescribed by law, within Code Civ. Proc. 414."

The same case is reported in 42 L. R. A. 485. The decision was rendered by a divided court; two of the justices dissenting. We make the following extracts from the majority opinion:

"The claim that the limitation in this case was by contract can hardly be sustained. It is true that it was inserted in the policy and was in the form of a contract. It was not, however, made a part of the policy by virtue of any agreement between the parties, but by the command of the statute. The parties had no volition in the matter. They could have provided no different period of limitation. The law establishes the period of limitation and forbids the parties from disregarding it. * * * Practically, then, the limitation in this case was specially prescribed by law."

The statutory requirement that the stipulation in question shall be inserted in all fire insurance policies distinguishes the Hamilton Case from the Riddlesbarger Case and others on the same line.

The case before us is on all fours with the Hamilton Case, and the reasoning of the majority opinion therein commends itself to our judgment. Where the law directly or indirectly prescribes a limitation of actions, in logic and reason, such limitation should be controlled and governed by the general provisions of the law relating to the subject. In all statutes of limitations, there are exceptions in favor of a certain class of persons, such as minors and interdicts, and provisions relating to the interruption of the current of prescription by acknowledgment, judicial demand, etc. Where, as in the case at bar, the law prescribes the limitation, and the parties cannot help themselves, there is no good reason in law or in equity for not applying the general rules of prescription laid down in the Civil Code, one of which provides that citation shall interrupt prescription, "whether the suit has been brought before a court of competent jurisdiction or not." Article 3518.

[2, 3] On the question of fact of the vacancy of the leased premises for ten days, without a permit, the Court of Appeal found against the defendant. No manifest error appears in the finding. We have held in numerous cases that we would not review the judgment of the Courts of Appeal on questions of fact, except in clear cases of abuse of discretion or denial of justice. According to the facts found by the Court of Appeal, the insured premises were vacant, between permits, only two days, and the property was occupied by a tenant when the loss occurred. The most that can be deduced from the evidence is a vacancy for six or seven days. Nonoccupancy for less than ten days at a time does not work a forfeiture. Where buildings intended for rental are insured, the insurer must be aware that an occasional vacancy will be necessary incident to such use. The standard form of policy was designed to change the rule that an incidental vacancy does not avoid the policy, unless the risk be increased. 10 Cyc. 732, 733, note 94. But the standard policy by its very terms

permits an occasional or incidental vacancy of less than ten days.

It is therefore ordered that the judgment of the Court of Appeal be affirmed, and that defendant pay costs in this court.