WILLIAMS v. ACME INDUSTRIAL LIFE INS. CO.

———

(March 21, 1932. Opinion and Decree.)

———

A. H. Reed, of New Orleans, attorney for plaintiff, appellee.

Charles J. Rivet, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. This is a suit against an industrial insurance society, for sick benefit, filed about four months after the claim under the policy had accrued. In this court defendant filed a plea of prescription based upon the following provision of the policy:

"No suit shall be brought against the company after six months from date of death of member or after sixty days of date of illness."

There is, however, another clause in the policy reading as follows:

"No suit shall be brought against this company under this policy until sixty days after claim thereunder has become due and proof thereof has been duly made, nor after six months from date."

Construing these two clauses together, it would appear that a suit for a sick benefit cannot be brought under the first provision of the policy after sixty days, and, under the second clause, not before sixty days, a manifest absurdity. Adopting the most favorable view in the interest of the insured, we conclude that the second provision should be given effect and find the prescription as fixed in the policy to be six months and not sixty days. The plea of prescription must be overruled.

The original petition was filed on the 13th day of March, 1931, and a supplemental petition on April 30, 1931. The citation under the supplemental petition was served on defendant's counsel, but addressed to plaintiff. On May 5, 1931, an exception to the citation, which was manifestly defective, was filed. On the same day plaintiff caused a notice of trial to be issued fixing the case for trial on June 8, 1931.

On May 21, 1931, another and a proper citation was served upon the defendant. When the case was called for trial on the 8th of June, defendant objected to going to trial upon the supplemental petition, for the reason that no notice of trial had been issued subsequent to the proper service of the supplemental petition and citation which had been effected on May 21, 1931. The objections of defendant's counsel were overruled and the case ordered to trial, whereupon applications for writs of prohibition and mandamus were made to the Supreme Court, with the result that the writs were declined upon the ground that the matter was reviewable by appeal. The case was tried without any defense having been made, and, according to counsel, in his absence, though the transcript records him as being present. The trial resulted in a judgment for plaintiff, and defendant has appealed.

It is argued that the trial was illegally had, without proper notice, and that the judgment rendered, under the circumstances, was null and void, citing State ex rel. Alfred Montague v. Louis Coquillon, 35 La. Ann. 1101. Without discussing the alleged illegality of the proceedings, we have reached the conclusion that a proper showing is made for the exercise of our discretion, and we are of opinion that the interest of justice would best be served by remanding the case for a new trial.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be reversed, and it is now ordered that this case be remanded to the First city court for the parish of Orleans for further proceedings according to law and not inconsistent with the views herein expressed.