The defendant, on November 29, 1921, issued and delivered to Annie Green, wife of Richard Green, a combination life insurance and sickness and accident benefit policy. Lillian Green, niece of the insured, was designated beneficiary under the life insurance feature of the policy. The amount of death benefit is fixed at $56.50, which, under the policy's terms, was augmented annually by an amount equal to two per cent thereof until such augmentation equalled fifty per cent of the death benefit.
Annie Green, the insured, died September 28, 1932, at which time, it is alleged, the policy was in full force and effect.
This suit was instituted by Richard Green on September 27, 1940, eight years after the insured's death. He alleges himself to be the surviving husband in community of the insured and seeks to recover for himself the above stated death benefit plus additions thereto, statutory penalty and attorney's fee. He also alleges that Lillian Green, the named beneficiary, removed from the City of Shreveport, Louisiana, to Houston, Texas, prior to the death of Annie Green and that her present whereabouts is unknown.
Plaintiff, as reflected from the allegations of his original and first amended petitions, *Page 917 
takes the position that as his wife left no forced heirs, nor last will or testament, and he having tacitly accepted her succession unconditionally as her heir, and having paid the debts thereof, including funeral expenses, and the policy being a community asset, the death benefit with increases, etc., should be paid to him.
There is no allegation nor intimation that the beneficiary, Lillian Green, is dead.
The policy contract sued on contains this stipulation, to-wit:
"No suit shall be brought nor action commenced against this Company under this Policy until sixty days after claim has become due, nor after two years from the time when the right of action shall accrue."
Defendant excepted to the petition as disclosing neither a cause nor a right of action, and, reserving the benefits of these exceptions, specially pleaded the contractual prescription of two years contained in the policy, in bar of plaintiff's demand.
Subsequent to the filing of the exceptions and plea, plaintiff opened the succession of his deceased wife and had himself judicially recognized as her sole heir and legal representative and was sent into possession of all of her property, including said policy. He thereafter amended his original and first supplemental petitions and asserted the right to be paid the amounts originally sued for in his capacity as sole heir of the deceased. The exceptions and plea were refiled as of date of filing this last amended petition.
The exceptions were sustained by the lower court and plaintiff's suit dismissed. After unsuccessful effort for a rehearing, he appealed. The plea of prescription was not passed on.
In this court the plea of prescription is urged with many supporting authorities. We are of the opinion that this plea is well founded and shall predicate our decision thereon. This is done without conceding that plaintiff ever had a right or cause of action on the policy. For the purposes of this opinion it may be conceded that such right did devolve upon him at the death of his wife, the insured.
Stipulations whereby parties to a contract of insurance fix a definite delay before any action will lie to enforce rights devolving under its provisions and/or a definite period within which a suit thereon must be filed, when not contrary to express law, have been generally held to be binding on the contractants and their successors and/or heirs, and are enforced as written. Such stipulations emanate from the parties themselves and form and become an integral part of the contract and should not be ignored in determining the timeliness of actions by the insured or the beneficiary thereunder. Simply stated, the parties provide their own rule of limitations. Cooley's Briefs on Insurance, Vol. 7, page 6800, et seq; 29 Am. Jurisprudence, 1039; 23 A.L.R., page 98.
There is respectable authority to the contrary but our own courts are not among those that dissent from the general rule. Williams v. Acme Industrial Life Insurance Co., 19 La.App. 332, 140 So. 235; Guccione v. New Jersey Insurance Co. of Newark, New Jersey, La.App., 167 So. 845; Ray v. Liberty Industrial Life Insurance Co., La.App., 180 So. 855.
In Tracy v. Queen City Fire Insurance Co., 132 La. 610, 61 So. 687, Ann.Cas. 1914D, 1145, the validity of contractual limitations in policies of insurance is clearly recognized.
The Supreme Court of the United States in Jesse Riddlesbarger v. Hartford Fire Insurance Co. of Hartford, Connecticut, 7 Wall. 386, 390, 392, 19 L.Ed. 257, passed on this identical question and upheld the validity of the contractual limitation contained in the policy of fire insurance involved in that suit. In passing, the court said:
"A stipulation in a policy to refer all disputes to arbitration stands upon a different footing. That is held invalid, because it is an attempt to oust the courts of jurisdiction by excluding the assured from all resort to them for his remedy. That is a very different matter from prescribing a period within which such resort shall be had. The condition in the policy in this case does not interfere with the authority of the courts; it simply exacts promptitude on the part of the assured in the prosecution of his legal remedies, in case a loss is sustained respecting which a controversy arises between the parties.
* * * * *
"The questions presented in this case, though new to this court, are not new to the country. The validity of the limitation stipulated in conditions similar to the one in the case at bar, has been elaborately considered in the highest courts of several of the States, and has been sustained in all of them, except in the Supreme Court of Indiana *Page 918 
[Eagle Ins. Co. v. Lafayette Ins. Co., 9 Ind. 443], which followed an adverse decision of Mr. Justice McLean in the Circuit Court for the district of that State [French v. Lafayette Ins. Co., Fed.Cas. No. 5,102, 5 McLean 461]. Its validity has also been sustained by Mr. Justice Nelson in the Circuit Court for the District of Connecticut [Cray v. Hartford Fire Ins. Co., Fed.Cas. No. 3,375, 1 Blatchf. 280]. We have no doubt of its validity."
See, also, Harrison v. Hartford Fire Insurance Co., 8 Cir., 67 F. 298.
For the reasons assigned, the plea of prescription filed herein is sustained and the judgment of the lower court, rejecting plaintiff's demand and dismissing his suit, is affirmed with costs.