Plaintiff instituted this suit to recover on two policies of life insurance issued to her husband on August 19, 1918, and September 2, 1918, respectively, in which policies she was made the beneficiary. She alleged that each policy provided that she be paid $250 at the time of the death of the insured if the policies were in full force at the time of his death and further agreed that regardless of whether the policies were in force at the time of his death, she would be paid $67 under each policy, if the premiums had been paid for a period of twelve years or $61 under each policy if the premiums had been paid for eleven years, and for proportionate amounts if the premiums had been paid for any period of time less than eleven years and more than three years.
Plaintiff further alleged the policies lapsed for non-payment of premium on July 28, 1930, which was practically twelve years after they were issued, and that defendant is therefore indebted unto her in the sum of $134 for which amount she prays for judgment.
The petition alleged that the insured died on May 22, 1941, and this suit was filed on May 26, 1942, or one year and four days after the death of the insured.
Defendant filed a plea of prescription of one year, which was referred to the merits, and after answer was filed and the case tried, the lower court rejected plaintiff's demands on the merits but did not pass on the plea of prescription. Defendant reurged the plea of prescription in its answer and has answered the appeal here again reurging the plea.
The plea of prescription, in our opinion, should have been sustained on the face of the plaintiff's petition, to which the insurance policies were attached and made a part thereof. Under the section of the policies, headed, Limitation, it provides: "No suit shall be brought against the Company after one year from the date of the death of the insured."
Such a provision limiting the time in which suit must be filed has repeatedly been held by the courts of this State and other jurisdictions to be binding between the parties. Green v. Peoples Benev. Industrial Co. of Louisiana, La.App., 5 So.2d 916; Landis Young v. Gossett Winn, La.App., 178 So. 760; Edson v. Merchants' Mut. Ins. Co., 35 La.Ann. 353; Clark v. Sovereign Camp, W.O.W., 8 La.App. 478; Blanks v. Hibernia Ins. Co., 36 La.Ann. 599, 602.
Therefore, since this suit was filed more than one year after the death of the insured, the plea of one-year prescription is sustained and plaintiff's suit is dismissed. *Page 474