KNOLL, Justice,
additionally concurring.
_JjI am additionally concurring to further explain why I find the limitation provision at issue is prescriptive. I further concur addressing Citizens’ contractual limitation under the Insurance Code and find the purported prescription shortening provision in the parties’ contract did not meet the strict requirements of the Insurance Code, thus, Citizens cannot prevail under its contract theory.
Finding plaintiffs’ lawsuit was timely filed because prescription[1] was suspended, in accordance with the provisions of La. Code Civ. Proc. art. 596, upon the timely filing of the class action petitions in Buxton v. Louisiana Citizens Property Ins. Corp. and Chalona v. Louisiana Citizens Property Ins. Corp., 08-0257 (La.App. |24 Cir. 6/11/08), 3 So.3d 494, of which classes plaintiffs were punitive members, I additionally concur on the prescriptive issue for the following reasons.
On June 27, 2008, plaintiffs filed their petition for damages against Citizens, alleging that, on August 29, 2005, the winds of Hurricane Katrina “completely destroyed” their home located at 25259 Chef Menteur Highway in New Orleans. Plaintiffs further alleged that Citizens insured the property and that they provided proof of loss to Citizens and made demand for payment, but “to no avail.” In response, Citizens filed an “Exception of Prescription,” citing the provision of the parties’ insurance policy, which provided: “No action can be brought unless ... the action is started within one year after the date of loss.” Citizens also cited La.Rev.Stat. 22:658.3,[2] which extended “the prescription period to two (2) years.” During the hearing on the exception, plaintiffs argued “because of the pending class action cases with Citizens under [La.Code Civ. Proc. art.] 596, there may be a suspension of prescription on some of those cases.” The District Court sustained the exception, and the Court of Appeal, Fourth Circuit, reversed, finding the filing of the class actions in Buxton and Chalona interrupted prescription for all putative members, including the plaintiffs herein. Taranto v. Louisiana Citizens Property Ins. Corp., 09-0413, p. 6 (La.App. 4 Cir. 12/16/09), 28 So.3d 543, 548. Citizens sought review from this Court, arguing the appellate court committed legal error in concluding plaintiffs’ suit was not time-barred under the contractual suit limitation provision in the insurance policy.
In so arguing, Citizens asserts the limitation provision at issue is contractual in *739 nature, not prescriptive, and therefore, not subject to our rules governing the tolling of prescription. Therein lies the fatal flaw in Citizens’s proposition because, as more [¡¡fully developed below, under the clear and explicit language of our Civil Code, parties as a matter of law cannot contractually “opt out” of prescription, abrogate the prescriptive periods established by law, or divest said time limitations of their prescriptive nature.

Contractual Limitation v. Liberative Prescription

Under our Civil Code as revised in 1982,[3] there are only three kinds of prescription: acquisitive prescription, libera-tive prescription, and prescription of non-use. La. Civ.Code art. 3445. Notably, “[tjhere is no prescription other than that established by legislation.” La. Civ.Code art. 3457. More significantly, “[a] juridical act purporting to exclude prescription, to specify a longer period than that established by law, or to make the requirements of prescription more onerous, is null.” La. Civ.Code art. 3471. This provision, by its unequivocal demand directed to the protection of interests vital to public order, ie., the extinction of the charge against the debtor as a result of the creditor’s inactivity and the prevention of litigation brought long after memories have dimmed and evidence has been lost, sets forth an imperative rule, which, by law, “private individuals cannot set aside ... by private agreement.” See E.L. Burns Co., Inc. v. Cashio, 302 So.2d 297, 300 (La.1974);[4] see *740 also, La. Civ.Code |4art. 7 (“Persons may not by their juridical acts derogate from laws enacted for the protection of the public interest. Any act in derogation of such laws is an absolute nullity.”). Therefore, by the very terms of this codal provision, a contract cannot exclude nor can parties contractually “opt out of’ prescription or make its requirements more onerous.
At issue in this case is liberative prescription, which, by definition, “is a mode of barring of actions as a result of inaction for a period of time” — “a mode of extinguishing claims.” La. Civ.Code art. 3447; La. Civ.Code art. 3447, Revision Comments — 1982, Cmt. (b). A personal action, such as one arising out of a contract, is subject to a liberative prescription of ten years in the absence of a legislative provision that either establishes a shorter or longer period or declares the action to be imprescriptible. La. Civ.Code art. 3499; see also La. Civ.Code Ann. art. 3499, Revision Comments-1983, Cmt. (b). Note, only a legislative provision can allow for the shortening or extending of a prescribed period because “[tjhere is no prescription other than that established by legislation.”[5]
|fiThe Insurance Code allows for the limiting/shortening of the applicable ten-year prescriptive period to no less than a one-year prescriptive period, specifically providing at the time of the issuance of the contract in issue:
A. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state or any group health and accident policy insuring a resident of this state, regardless of where made or delivered shall contain any condition, stipulation, or agreement:
(3) Limiting right of action against the insurer to a period of less than twelve months next after the inception of the loss when the claim arises under any insurance classified and defined in R.S. 22:6(10), (11), (12), and (13), or to a period of less than one year from the time when the cause of *741 action accrues in connection with all other insurances unless otherwise specifically provided in this Code.
B. Any such condition, stipulation, or agreement in violation of this Section shall be void, but such voiding shall not affect the validity of the other provisions of the contract.
La.Rev.Stat. § 22:629 (West 2005).
The insurance contract contained the following stipulation:[6]
| fiSuit Against Us. No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss.
This contractual limitation of the ten-year liberative prescriptive period to a one-year liberative prescriptive period does not and cannot destroy the prescriptive nature of the time limitation because a juridical act cannot exclude prescription, and it is only by legislative directive that the parties can contractually limit the prescribed period.[7] Therefore, as noted above, the parties by their contractual agreement could not “opt out of’ prescription, divest the limitation of its prescriptive nature, or make its requirements more onerous. Consequently, as a prescriptive period, the prescribed time limitation herein is subject to all the laws governing liberative prescription.
In summary, under the clear and explicit language of our Civil Code, parties to a contract cannot exclude prescription, nor can they extend or shorten a prescribed period in the absence of a legislative provision directly allowing for such. Suits on contracts are subject to a ten-year prescriptive period, which the Insurance Code allows to be shorten to no less than a one- *742 year prescriptive period in certain insurance policies. In accordance therewith, the insurance policy at issue contains such a one-year limitation to the ten-year prescriptive period. As a one-year prescriptive period | ./prescribed by law and extended to two years by legislative enactment, see State v. All Property and Casualty Ins. Carriers, 06-2030, p. 1 (La.8/25/06), 937 So.2d 313, 316, the time limitation set forth in the policy, therefore, is subject to the procedural rules of suspension of prescription, particularly the suspension of such by the filing of a class action under La. Code Civ. Proc. art. 596.

Suspension of Liberative Prescription

La.Code Civ. Proc. art. 596 specifically provides that liberative prescription is suspended on the filing of the “petition brought on behalf of a class ... as to all members of the class as defined or described therein.” Relevant herein, the filing of the class action petitions in Buxton and Chalona[8] on August 25, 2006, suspended liberative prescription, including the one-year period prescribed in the- Insurance Code as well as the newly enacted two-year prescriptive period,[9] “as to all members of the class as defined or described” in the petitions, within which defined classes plaintiffs herein would have fallen. See La.Code Civ. Proc. art. 596. That suspension continued until “thirty days after mailing or other delivery or publication of a notice” to the members that “the class ha[d] been restricted or otherwise redefined so as to exclude” eer-tain members, see La.Code Civ. Proc. art. 596(2), or “that the action ha[d] been dismissed,” see La. Code Civ. Proc. art. 596(3).
Pertinently, Buxton was denied class certification on August 9, 2007, but no order to notify the class was issued. The Chalona class was restricted to exclude those members “whose claims were insufficiently paid,” i.e., plaintiffs herein, on January 25, 2008, but the order to notify all putative plaintiffs was not issued until | sApril 24, 2008. Therefore, suspension continued as to the plaintiffs herein until May 24, 2008, at which time prescription commenced to run again. La.Code Civ. Proc. art. 596; La. Civ.Code art. 3472 (“The period of suspension is not counted toward accrual of prescription. Prescription commences to run again upon the termination of the period of suspension.”) At that point in time, plaintiffs had the number of days or time remaining until the accrual of the applicable two-year prescriptive period, i.e., between August 25, 2006 and September 1, 2007,[10] to bring suit — well over one calendar year. Therefore, their suit filed just over a month later on June 27, 2008 was timely.

Peremption

I also agree with the opinion in holding Act 802 does not set forth a peremptive period. Regarding this issue, Citizens argues “should this Court concluded that Act 802 did not extend the contractual limitations period, but somehow converted the contractual limitations period into a legis *743 latively-established deadline, it should nevertheless conclude that this deadline was a peremptive period that could not be extended by class action tolling.” In support thereof, Citizens emphasizes provisions of Act 802, which states: “any such claim for damages caused by Hurricane Katrina shall be instituted on or before August 30, 2007, and any suit not instituted within that time and any claims relating thereto shall be forever barred unless a contract or the parties thereto provide for a later date.” They assert the words “forever barred” clearly provide for the extinguishment of a right upon the expiration of the extended contractual deadline, ie., a per-emptive period.
|flHowever, the ability of the parties to contract to a later date renders the provision non-peremptive because peremption— the period of time fixed by law for the existence of a right — may not be renounced, interrupted, or suspended. La. Civ.Code arts. 3458 and 3461. “Unless timely exercised, the right is extinguished upon the expiration of the peremptive period.” La. Civ.Code art. 3458. Because the parties could extend the existence of the right and time period for filing suit by contract, which they did in this case, the time period set forth by the Legislature in Act 802 cannot, therefore, be peremptive.

The Insurance Code

In the alternative, I find Citizens cannot prevail because the purported prescription-shortening provision in the parties’ contract does not meet the strict requirements of the Insurance Code.
Former La.Rev.Stat. § 22:629(A)(3)[11] permits parties to contractually shorten the ten-year prescriptive period in certain kinds of insurance contracts:
No insurance contract [shall be] delivered or issued for delivery in this state.... Limiting right of action against the insurer to a period of less than twelve months next after the inception of the loss when the claim arises under any insurance classified and defined in R.S. 22:6(10), (11), (12), and (13), or to a period of less than one year from the time when the cause of action accrues in connection with all other insurances unless otherwise specifically provided in this Code.
La.Rev.Stat. § 22:629(B) provides that any attempt to limit prescription in violation of this rule shall be absolutely void: “Any such condition, stipulation, or agreement in violation of this Section shall be void, but such voiding shall not affect the validity of the other provisions of the contract.”
ImSection 22:629(A)(3) describes two classes of insurance policies-for those types of policies listed in La.Rev.Stat. § 22:6(10), (11), (12), or (13), the shortest permissible prescriptive period is “twelve months next after the inception of the loss.” For any other type of policy, the shortest permissible prescriptive period is “one year from the time when the cause of action accrues” (Emphases added). Although this distinction may seem arcane, it is entirely crucial to the outcome of this case.
The disputed policy provision states:
Suit Against Us. No action can be brought unless the policy provisions have been complied with and the action is started within one year after date of loss.
(Emphasis added).
This clause satisfies the requirements set forth in the first part of La.Rev.Stat. *744 § 22:629(A)(3), which permits an insurer to limit prescription to “twelve months next after the inception of the loss.” Therefore, if plaintiffs’ policy is one of the types of insurance policies defined in La.Rev.Stat. § 22:6(10), (11), (12), or (13), the prescription-shortening clause is valid.
The relevant question is whether this policy of insurance is among those types listed in La.Rev.Stat. § 22:6(10), (11), (12), or (13): fire and extended coverage; steam boiler and sprinkler leakage insurance; crop and live stock insurance; and marine and transportation insurance.[12] Plaintiffs’ policy is clearly not steam boiler insurance, crop insurance, or marine and transportation insurance. Whether it qualifies as “fire and extended coverage” is a closer question. Plaintiffs’ policy is a homeowners’ policy, but it does cover against fire damage. This Court has held that, although homeowners’ insurance includes coverage against fire and related damages, they are nonetheless two separate types of insurance and a legislative reference to [1T“fire insurance” does not include homeowners’ insurance. Landry v. La. Citizens Property Ins., 2007-1907 (La.5/21/08), 983 So.2d 66, 75 n. 10 (“a fire policy, even if it includes coverage for perils other than fire as allowed by La. R.S. 22:691(E), is entirely distinct from a homeowners’ policy.”) Defendant specifically argues that plaintiffs’ insurance is homeowner’s insurance, and not fire insurance.[13] This is a judicial admission that the policy is one of homeowner’s insurance, not fire insurance, and thus not one of the types of policies listed in La.Rev.Stat. § 22:6(10), (11), (12), or (13).[14] Therefore, the Insurance Code, as it existed in 2005, requires any contractual limitation of prescription to give the insured at least one year to sue, starting from the “time when the cause of action accrues.” La.Rev.Stat. § 22:629(A)(3).
Plaintiffs’ claim arises in part out of La.Rev.Stat. § 22:1220,[15] which states that an insurer breaches its duty of good faith and fair dealing by “Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.” (Emphasis added). A cause of action under § 22:1220 therefore cannot arise until at least sixty days after the date of the loss.
Plaintiffs, by law, must have one year from the date the cause of action accrues to file suit. Under defendant’s policy, plaintiffs would have at most ten months from the date the cause of action accrues to file suit. This purported prescription limitation 112provision is therefore void under La.Rev.Stat. § 22:629(B), and plaintiffs’ suit was timely.

. According to our civilian tradition, prescription is a means of acquiring real rights or of losing certain rights as the result of the passage of time. Marjorie Nieset Neufeld, Prescription and Peremption — The 1982 Revision of the Louisiana Civil Code 58 Tul. L.Rev. 593, 593 (November 1983)(citing to Baudry-La-cantinerie & Tissier as well as Aubry & Rau). "This is a principle of social utility aimed at simplifying the proof of ownership and maintaining social order.” Id. The creation of prescriptive periods is exclusively a legislative task, and the state is afforded broad discretion in determining the time within which a claim must be brought. Marc S. Firestone, Prescription — What You Don’t Know Can Hurt You-Louisiana Adheres to a Three Year Limit on the Discovery Rule 58 Tul. L.Rev. 1547, 1549 (June 1984). "The codal articles on prescription appear at the end of both the French and Louisiana Civil Code because prescription consolidates all rights created by the preceding titles.” Id.

. This provision has been redesignated La. Rev.Stat. 22:1894.

. The 1982 Revision of the Civil Code Articles on Prescription sought to clarify our law in the area of prescription by setting out and distinguishing the various types of prescription and by delineating the general operation and effect of their principles. Firestone, supra. This was done in accordance with the purpose of updating our Civil Code in conformance with traditional civilian doctrine and Louisiana jurisprudence. Id. It is these revised codal provisions that govern the resolution of the issue in this case.

. This decision is vitally important to an understanding of our principles of prescription as they stand today. It is in this decision that a majority of this Court, led by Justice Marcus, examine and strike down a contractual limitation or rather expansion of prescription as violative of our codal provisions prohibiting the anticipatory renunciation of prescription. E.L. Bums, 302 So.2d at 301-302. The dissenting Justices, lead by Justice Tate, defend the "contractual provision freely entered into in return for a payment of a premium” and cite French sources emphasizing contractual freedom in such situations as "[tjhere is nothing in public policy against individual agreements about delays in the exercise of an action or the suspension of the prescription of a certain right for a certain period of time.” Id. at 302. Although Justice Marcus’s position is a proper civilian resolution of the issue, Justice Tate’s position was well-supported by over a century’s worth of this Court’s jurisprudence, which looked to common law and United States Supreme Court precedent, namely Riddlesbarger v. Hartford Ins. Co., 74 U.S. 386, 389-90, 7 Wall. 386, 19 L.Ed. 257 (1868), as authority for the "contractual freedom” position. See Blanks v. Hibernia Insurance Company, 36 La.Ann. 599 (1884); Edson v. Merchants’ Mutual Insurance Company, 35 La. Ann. 353 (1883); and Carraway v. Merchants' Mutual Insurance Company, 26 La. Ann. 298 (1874). I note, however, the provisions of La. Civ.Code art. 3471 were not codified until the 1982 Revision, and although according to the comments it did not change the law, I find it is important to recognize this Court did not have the benefit of this pronouncement prior thereto. Simply put, I find this provision codifies Justice Marcus's civilian interpretation, which interpretation constitutes a departure from the established jurisprudence and did change the law regarding the freedom of parties to contract to what seems to me, given Justice Tate’s rhetoric and the language of this Court’s earlier cases, to have been non-legislatively enacted/contractual prescriptive time limitations. Interestingly, more in keeping with the common law doctrine of laches than our civilian principles of prescription, these contractual limitations were upheld if "the shortened period [was] reasonable.” See A. Z., Note: Insurance — Validity of Contractual Limitation of Prescriptive Period — Article 3460, Louisiana Civil Code of 1870, 16 Tul. L.Rev. *740 625, 627 (1942). Note, however, there is no place for the common law doctrine of laches under our legal system. See La. Civ.Code art. 3457, Revision Comments-1982, Cmt. (b).

. Therefore, it logically follows that, if a contract seeks to limit prescription or the prescribed period without legislative authority to do so, the time limitation so contracted is not a prescriptive period established by the legislature and in effect seeks to exclude the applicable prescriptive period, i.e., prescription, or at the very least renders the requirements of prescription more onerous. Consequently, the time limitation is not enforceable as a matter of law. Such a conclusion comparts with Justice Marcus’s civilian interpretation as well as with the Greek codal provision from which our present provision was derived. See Article 275 of the Greek Civil Code which provides: "A juridical act purporting to exclude prescription, or fixing a shorter or longer period than that provided by law, or making the conditions or prescription more or less onerous, is null.”
Unfortunately, earlier cases rendered by this Court upholding "contractual prescriptive” periods, Blanks v. Hibernia Insurance Company, 36 La.Ann. 599 (1884); Edson v. Merchants’ Mutual Insurance Company, 35 La. Ann. 353 (1883); and Carraway v. Merchants’ Mutual Insurance Company, 26 La. Ann. 298 (1874), cannot, therefore, stand as a matter of law under the revision. So too must fall Justice Tate’s well-reasoned and well-supported position in his dissent in E.L. Bums, joined by Justice Calogero, advocating the freedom of contract and warning of the danger of "classifying any agreement limiting the time within which to sue under a contract as an agreement either to renounce prescription or somehow to limit it.” 302 So.2d at 303. However, as I noted above and as discussed in detail infra, the time limitation contained in the policy at issue is made in accordance with statutory authority, and so, this issue need not be addressed in the resolution of this case.

. Earlier cases rendered by this Court held suit-limitation provisions contained in fire and windstorm policies, which were strikingly similar to the one at issue herein, were "prescribed by law” in that the provisions were inserted in the policy by command of statute — "[i]t was not, however, made a part of the policy by virtue of any agreement between the parties.... The parties had no volition in the matter. They could have provided no different period of limitation. The law establishes the period of limitation and forbids the parties from disregarding it_” Tracy v. Queen City Fire Ins. Co., 132 La. 610, 613, 61 So. 687, 688 (1913) ("No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law of law [sic] or until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire."); see also, Finkelstein v. American Ins. Co. of Newark, N.J., 222 La. 516, 521, 62 So.2d 820, 821 ("No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss.”) and Gremillion v. Travelers Indemnity Company, 256 La. 974, 985, 240 So.2d 727, 731 (1970) (overruling Finkelstein and re-interpreting the statutorily mandated limitation provision; noting "the limit of twelve months is not in the language of the insurance company; it is the language of the Legislature and expressed in words which the statute supra requires to be inserted in the policy, word for word, line for line, number for number”).

. Interestingly, this case allows the Court to conclusively answer the question posed by Justice Tate in his E.L. Bums dissent: "is a requirement in a property-loss insurance contract that suit must be brought within a year of the loss an infringement upon the ordinary right of a creditor to sue upon a written obligation for a longer period?” It is an infringement, but one by operation of law enacted for the protection of public interests — namely in insurance cases the prevention of the need to adjudicate stale claims, which may be insusceptible of proof brought many years after the allegedly wrongful act or loss. More importantly, the right of the creditor arguably infringed upon is granted by law subject to limitations prescribed by the Legislature: "Unless otherwise provided by legislation, a personal action is subject to a libera-tive prescription of ten years.” La. Civ.Code art. 3499 (emphasis added).

. See Pitts v. Louisiana Citizens Property Ins. Corp., 08-1024, p. 2 (La.App. 4 Cir. 1/7/09), 4 So.3d 107, 108, as authority for all information contained herein concerning these two class action suits.

. Act 802 was in effect at the time the class action petitions were filed, having become effective on June 30, 2006, by signature of the Governor. See All Property and Cas. Ins. Carriers, 06-2030 at p. 9, 937 So.2d at 321.

. Actually, based on the "voluntarily extended” time limitation granted by Citizens, the parties had the number of days remaining between August 25, 2006 — the day on which suspension commenced — and September 4, 2007 — the day on which prescription would have ceased to run had the class action petition not been filed — within which to bring suit.

. La.Rev.Stat. § 22:629 was in effect during 2005. The statute has since been renumbered and slightly modified, and is now codified as La.Rev.Stat. § 22:868.

. La.Rev.Stat. § 22:6 has since been renumbered and amended as La.Rev.Stat. § 22:47.

. See Defendant's reply brief at page 5, footnote 2.

. Notably, La.Rev.Stat. § 22:629 was amended in 2007 to expressly include homeowners' insurance among the enumerated types of insurance. This implies that, in 2005, homeowners’ policies were not covered by § 22:629.

.Now codified as La.Rev.Stat. § 22:1973. Plaintiffs also bring similar claims under former La.Rev.Stat. § 22:658, which requires an insurance company to send an adjustor within 30 days of a catastrophic loss claim. Under both § 22:658 and § 22:1220, the cause of action does not arise until some time after the date of loss.