WEIMER, J.,
concurring
|TI concur in the result and write separately to explain why I believe that result is correct.
*745 Upon the filing of a class action petition, liberative prescription on the claims arising out of the transaction or occurrences described in the petition is suspended as to all members of the class defined or described therein. La. C.C.P. art. 596. Li-berative prescription is, by definition, “a mode of barring actions as a result of inaction for a period of time.” La. C.C. art. 3447. The insurance policy at issue in this case contains a provision which states: “No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss.” The defendant, Louisiana Citizens, maintains that although its policy language has the effect of “barring actions as a result of inaction for a period of time,” the language does not actually provide for liberative prescription because, pursuant to La. C.C. art. 3457, “[t]here is no prescription other than that established by legislation,” and the language in its policy that sets forth the time period for bringing an action is not established by legislation, but by contract. According to Louisiana Citizens, contractual limitation periods such as those in its policy are not subject to the provisions of La. C.C.P. art. 596 or, for that matter, any other codal or | ^statutory provisions governing the running of prescription, because such periods are not, strictly speaking, “prescriptive” periods but substantive provisions of the insurance contract.
In support of its argument, Louisiana Citizens cites a line of cases, dating from Edson v. Merchants’ Mutual Ins. Co., 35 La. Ann. 353 (1883), which uphold the validity of stipulations in insurance policies which limit the time period in which actions for claims thereunder may be brought. Among the cases cited is Tracy v. Queen City Fire Ins. Co., 132 La. 610, 61 So. 687 (1913), a case which is particularly instructive with respect to the issue presented here.
In Tracy, the court was confronted with a policy of fire insurance which contained the following stipulation: “No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law ... unless commenced within twelve months next after the fire.” Tracy, 132 La. at 611, 61 So. at 687. A suit on the policy was filed within four months of the fire, but was dismissed on an exception of jurisdiction ratione personae. More than one year after the fire, a second suit was filed. The defendant insurer filed an exception of prescription, arguing that because the prescriptive period was contractual and not statutory, the statutory rule allowing for interruption of prescription did not apply and, thus, prescription was not interrupted by the earlier filed suit.
The court, citing Edson and the U.S. Supreme Court case on which Edson relied, Riddlesbarger v. Hartford Ins. Co., 74 U.S. 386, 19 L.Ed. 257, 7 Wall. 386 (1868), decreed as “settled” law the proposition that (1) stipulations in insurance policies limiting the time within which actions for claims thereunder may be filed are both valid and legal; (2) such stipulations are the law which the parties have made for themselves and by which their rights and obligations must be measured; and (3) since the rights of the parties flow from the contract, and not statute, the laws that apply to | .^statutory limitations have no application. Tracy, 132 La. at 611-12, 61 So. at 687. Nevertheless, the court pointed out that an exception to this “settled” law arises when the limitation period in the contract is one prescribed by law. Tracy, 132 La. at 613, 61 So. at 687. Drawing from Hamilton v. Royal Ins. Company of Liverpool, 156 N.Y. 327, 50 N.E. 863 (1898), the Tracy court held that because Louisiana has a statute requiring all fire insurance policies written in this state to conform to the New York standard *746 form fire insurance policy and this form policy contains a one-year limitation period, the one-year limitation is not a contractual limitation in the sense of the Riddles-barger-Edson line of cases, but a statutory prescription, subject to the general rules of prescription set forth in the Louisiana Civil Code. The court reasoned:
Where the law directly or indirectly prescribes a limitation of actions, in logic and reason, such limitation should be controlled and governed by the general provisions of the law relating to the subject. In all statutes of limitations, there are exceptions in favor of a certain class of persons, such as minors and interdicts, and provisions relating to the interruption of the current prescription by acknowledgment, judicial demand, etc. Where, as in the case at bar, the law prescribes the limitation, and the parties cannot help themselves, there is no good reason in law or in equity for not applying the general rules of prescription laid down in the Civil Code, one of which provides that citation shall interrupt prescription, “whether the suit has been brought before a court of competent jurisdiction or not.” ... [Emphasis added.]
Tracy, 132 La. at 614, 61 So. at 687.
I believe the logic and rule of the Tracy decision applies to the instant case. On the effective date of the policy at issue, two provisions of law set the perimeters of the applicable prescriptive period: La. C.C. art. 3499, which provides that an action on a contract is a personal one, subject to a liberative prescription of ten years; and La. R.S. 22:629(A)(3) which, at the time, provided that no insurance contract issued for delivery in this state shall contain any stipulation limiting the right of action against an insurer to a period of less than twelve months after the inception of the [Joss.[1] By virtue of these provisions, the law prescribed a limitation period of no less than one year and not greater than ten years. As in Tracy, the law at least indirectly, if not directly, prescribed a limitation period from which the parties were not free to deviate. "While the parties could certainly contract for a limitation period anywhere in the one-year to ten-year range, that period was nevertheless one established by statute. Given this predicate, as in Tracy, there is no good reason in law or equity for not applying the general codal or statutory rules of prescription, including the rule of La. C.C.P. art. 596 providing for suspension upon the filing of a class action petition.[2]
Further, to the extent Louisiana Citizens attempts to assert the contractual nature of its agreement to circumvent the application of the general codal and statutory rules of prescription, it runs afoul of La. C.C. art. 3471. That article clearly circumscribes the limits of any contractual agreement attempting to incorporate a limitation period different from that established by law. Louisiana C.C. art. 3471 states:
A juridical act purporting to exclude prescription, to specify a longer period than that established by law, or to make the requirements of prescription more onerous, is null.
In this case, Louisiana Citizens argues that its contractual limitation period is not, *747 strictly speaking, a prescriptive period because it is a period imposed by contract and not by law and, thus, the general rules of prescription do not apply. However, to the extent this argument implies that parties are free to contractually “opt out” of prescription, it runs counter to the clear pronouncement of La. C.C. art. 3471 that parties to a juridical act cannot exclude prescription. And, to the extent the limitation periods in the insurance contract purports to exclude the general codal and statutory hrules governing interruption and suspension of prescription, while maintaining the basic time period that would otherwise apply, it renders the requirements of prescription more onerous, again in contravention of La. C.C. art. 3471.
As to Louisiana Citizens’ alternative argument, that to the extent 2006 La. Acts, Nos. 739 and 802 can be construed to have converted the contractual limitation period of the policy into a statutorily imposed liberative prescription, the Acts establish and impose upon the insurance contract a peremptive period, not subject to interruption or suspension, I-find the majority’s resolution of this argument persuasive. Because both Acts contain provisions which allow the time limitations in the Acts to be extended by contract,[3] those limitations cannot by definition be peremptive. See, La. C.C. art. 3461 (“Peremption may not be renounced, interrupted, or suspended.”)

. La. R.S. 22:629 was amended by 2007 La. Acts, No. 43 and then re-numbered pursuant to 2008 La. Acts, No. 415. It now appears as La. R.S. 22:868.

. This same analysis applies to the one-year extension Louisiana Citizens voluntarily afforded to its policyholders on the eve of the passage of 2006 La. Acts, Nos. 739 and 802. The extension, like the original twelve-month period, was one established pursuant to code or statute.

. 2006 La. Acts, No. 739, currently appearing as La. R.S. 22:1894(A), gives Hurricane Katrina claimants "through September 1, 2007, within which to file a claim with their insurer for damages, unless a greater time period to file such claims is otherwise provided by law or by contract.” (Emphasis added.)
Pursuant to 2006 La. Acts, No. 802, Hurricane Katrina claimants are required to institute claims "on or before August 30, 2007, and any suit not instituted within that time a«d any claims relating thereto shall be forever barred unless a contract or the parties there-provide for a later date. (Emphasis added.)